14 F.3d 605
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Manuel ZURITA, Petitioner-Appellant,
v.
Page TRUE, Warden, and United States of America,
Respondents-Appellees.
 Nos. 92-2373, 92-2572.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 16, 1993.*
Decided Dec. 20, 1993.
 
 Before CUMMINGS, CUDAHY and EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 Manuel Zurita appeals orders dismissing two collateral attacks on his confinement. In the first, Zurita alleged that he had been denied a prompt parole revocation hearing. In the second, he alleged that his guilty plea to a charge of possession of a firearm by a felon was neither knowing nor voluntary and had been obtained as a result of counsel's ineffective assistance. We consolidated Zurita's appeals.
 
 
 2
 On October 23, 1985, while on parole from a 1979 drug conviction, Zurita sold a twelve-gauge semi-automatic shotgun to a federal undercover agent. On October 18, 1990, a federal grand jury returned a one-count indictment charging Zurita with possession of a firearm by a felon, which in 1985 constituted a violation of 18 U.S.C.App. Sec. 1202(a)(1) (repealed 1986).[1] The record is silent concerning what took place during the period between the sale of the shotgun and the return of the indictment but suggests that Zurita served as an informant for part of that time. Zurita's first court-appointed attorney, Mary M. Rowland, was granted leave to withdraw, and Thomas K. McQueen was appointed to replace her. Zurita then entered into a written plea agreement pursuant to Fed.R.Crim.P. 11(e)(1)(C).
 
 
 3
 On September 27, 1991, the United States Parole Commission lodged a parole violator warrant against Zurita, also on the basis of the firearms offense. At the time Zurita filed his first challenge to the Parole Commission's delay in holding a revocation hearing, he was not in custody for violating his parole.[2] The district court's denial of that motion was correct for the reasons that court gave, and the case does not merit further discussion. See Moody v. Daggett, 429 U.S. 78 (1976).
 
 
 4
 Zurita's challenge to his conviction presents two related constitutional claims: that his guilty plea was not knowing, intelligent and voluntary, and that the plea was entered because of counsel's ineffective assistance. Although the prosecutor now contends that Zurita has defaulted these claims, the prosecutor did not raise that issue in the district court and so has waived the possibility of waiver. Henderson v. Thieret, 859 F.2d 492, 493 (7th Cir.1988).
 
 
 5
 Zurita can prevail only by demonstrating that counsel's performance "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 687-88 (1984), and led to an outcome that is fundamentally unreliable or unfair. Lockhart v. Fretwell, 113 S.Ct. 838, 841 (1993). In particular, he must show that there is a reasonable probability that counsel's deficient performance rendered his guilty plea unreliable. See Hill v. Lockhart, 474 U.S. 52, 59 (1985). Zurita contends that his guilty plea was induced by counsel's failure to (1) move to dismiss the indictment on speedy trial grounds prior to advising Zurita to plead guilty, (2) appreciate the weakness of the government's case when he advised Zurita to plead guilty, and (3) advise Zurita that after pleading guilty, he would face a revocation of his parole.
 
 
 6
 The Sixth Amendment's right to a speedy trial does not arise until charges are pending, which in this case occurred when the indictment was returned in 1990. United States v. McDonald, 456 U.S. 1, 7 (1982). Although a pre-indictment delay may be a violation of a defendant's Fifth Amendment right to due process, Zurita has made no showing that he suffered actual and substantial prejudice attributable to the delay, as would be necessary to prevail on a due process claim. Under 18 U.S.C. Sec. 3282, an indictment for being a convicted felon in possession of a firearm in violation of 18 U.S.C.App. Sec. 1202(a)(1) may be brought within five years after the date the offense was committed. The indictment in this case charged Zurita with possessing the shotgun on October 23, 1985, and was returned by the grand jury on October 18, 1990, six days before the running of the limitations period. Counsel cannot be faulted for failing to pursue a defense that could not have prevailed.
 
 
 7
 Zurita's second specification of ineffective assistance asserts that his attorney failed to determine that an informant named Panszko, allegedly present when Zurita sold the shotgun to the undercover agent, was incarcerated when the transaction took place.[3] Zurita thus argues that the government's case against him was weaker than he believed it to be when he decided to plead guilty, and that his attorney is to blame for not having discovered this. It is unlikely, however, that he would have insisted on a trial if informed about this. The prosecution's case did not depend on Panszko's testimony. Without showing a probable effect on the outcome, Zurita does not establish ineffective assistance. Hill, 474 U.S. at 59. See also United States v. Broce, 488 U.S. 563, 571-74 (1989); Tollett v. Henderson, 411 U.S. 258, 267 (1973); Brady v. United States, 397 U.S. 742, 756-57 (1970); McMann v. Richardson, 397 U.S. 759, 769-71 (1970).
 
 
 8
 Finally, Zurita contends that counsel was ineffective in failing to advise him of the parole consequences of his guilty plea. Because Zurita never raised this claim before the district court, he has waived it. What is more, a plea is not constitutionally defective merely because a defendant did not know the collateral consequences of his plea, such as the possibility that parole may be revoked. See United States v. Wills, 881 F.2d 823, 825 (9th Cir.1989); Sanchez v. United States, 572 F.2d 210, 211 (9th Cir.1977).
 
 
 9
 The other issues Zurita raises have been adequately discussed by the district court, and we do not labor the subject here.
 
 
 10
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record
 
 
 [1]
 The current statute prohibiting the possession of firearms by convicted felons is codified at 18 U.S.C. Sec. 922 (1990)
 
 
 [2]
 Zurita filed the Sec. 2255 motion on November 6, 1991. His parole was revoked on January 29, 1992
 
 
 [3]
 In both his Sec. 2255 motion and his appellate brief, Zurita claims that he was convicted pursuant to a faulty indictment, obtained by "perjury." In his appellate brief, Zurita apparently adds the contention that Panszko was somehow involved in entrapping him, but that counsel's errors deprived Zurita of a viable entrapment defense. New arguments on appeal are, of course, waived. See, e.g., Borre v. United States, 940 F.2d 215, 224 (7th Cir.1991)