No. 68,119

STATE OF KANSAS, *Appellee,* v. GARY LEE HALL, *Appellant.*
(847 P.2d 1288)

Opinion filed March 5, 1993.

*Kerry J. Granger,* of Hutchinson, argued the cause and was on the brief for appellant.

*John Shirley,* county attorney, argued the cause, and *Robert T. Stephan,* attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

SIX, J.: This is a criminal law newly discovered evidence case. The trial court denied Gary Lee Hall's motion for a new trial. Our jurisdiction is under K.S.A. 1992 Supp. 22-3601(b)(1) (Hall was convicted of committing a class A felony).

The standard of review on the primary issue of newly discovered evidence is abuse of discretion. *Taylor v. State,* 251 Kan. 272, 277, 834 P.2d 1325 (1992).

We find no error and affirm.

### Facts

The facts relating to Hall's conviction for the murder of Delbert

Angleton appear in *State v. Hall,* 246 Kan. 728, 731-38, 793 P.2d 737 (1990) (*Hall I*). Following our decision in *Hall I,* Hall requested the papers from his appellate attorney's file. Among the papers, Hall discovered a report written by Kansas Bureau of Investigation (KBI) Agent Ron Klingenberg. The Klingenberg report was written as part of an investigation into Angleton's disappearance; at the time of the report, the KBI was unaware that Angleton had been murdered. Hall contends on appeal that the report was significant because it contained statements that might have had an effect on venue or jurisdiction, that suggested a possible insurance fraud scheme, or that suggested the deceased was possibly involved in drug running. Hall states that he did not see the Klingenberg report until after the *Hall I* opinion was filed.

In his written statement, admitted at the hearing on the motion for a new trial, Hall asserts that his trial attorney had assured him that he would give Hall a copy of all reports before trial. According to Hall, the trial attorney did not discuss the Klingenberg report during trial preparation. Hall also states that his attorney at trial failed to ask any questions regarding the report. Hall asserts that his attorney "had clearly indicated during the trial that he did not have any of agent Klingenberg's reports." (A copy of the *Hall I* trial transcript has not been furnished in this appeal.)

Special Agent Alan Jones of the KBI testified at the *Hall I* preliminary hearing. The Klingenberg report in question was in Agent Jones' file. Hall's trial attorney copied the entire Jones file. Special Agent Bruce Mellor, the K.B.I. agent in charge of the *Hall I* investigation, also had a copy of the Klingenberg report in his files. Mellor's files were made available to Hall's trial counsel. Trial counsel testified that he had copies of the Klingenberg report prior to the preliminary hearing. Agent Klingenberg was present at the *Hall I* preliminary hearing and at trial. Hall did not call Klingenberg as a witness.

Hall filed a motion for a new trial on December 3, 1991, based upon newly discovered evidence, *i.e.,* the Klingenberg report and a letter from Richard and Sherry DeGroat which was received by the Appellate Defender's Office on October 5, 1988, approximately a year after the *Hall I* jury trial. Sherry DeGroat is the

sister of Lennie Hall, who was Hall's wife at the time of the *Hall I* trial. (Hall and Roberta, his wife at the time of Angleton's murder, were divorced in 1985. 246 Kan. at 732.)

The newly discovered evidence motion was heard and decided on February 4, 1992, 63 days after the motion was filed.

## Newly Discovered Evidence

Hall contends that he had never seen the Klingenberg report before it was forwarded to him by the Appellate Defender's Office after we affirmed his conviction. Hall believes his trial counsel did not have the report at trial because counsel said he did not have any of Agent Klingenberg's reports. Hall summarizes statements within the report and advances an analysis of how he believes the report could be relevant to what occurred at his earlier trial. Hall's analysis concerning the impact of the report is unclear. None of the facts mentioned in the report directly absolve Hall. He suggests that the information is relevant because there were only two witnesses to the events, Hall and his ex-wife, Roberta. Roberta was granted immunity to testify against him. Hall concludes that in such a scenario, any evidence about where Angleton went, insurance fraud, or drug running could easily tip the scales in Hall's favor.

Hall observes that the DeGroats said they heard Roberta make the following statement: "Gary, if you don't do exactly what I want you to do—then I am going to make the little deal buried up the hill look like you did it." (Angleton's body had been dumped into a hole dug to bury dead cattle.) *Hall I,* 246 Kan. at 734. Hall alleges that he did not know of any witnesses to Roberta's statement until October 5, 1988.

The State emphasizes and we agree: (1) The granting of a new trial for newly discovered evidence is in the trial court's discretion; (2) a new trial should not be granted unless the evidence is of such materiality that it would be likely to produce a different result upon retrial; (3) the burden of proof is on Hall to show that the alleged newly discovered evidence could not with reasonable diligence have been produced at trial; and (4) appellate review of an order denying a new trial is limited to whether the trial court abused its discretion. *Baker v. State,* 243 Kan. 1, Syl. ¶ 7, 755 P.2d 493 (1988).

The State asserts that the KBI report and the content of the DeGroat letter could have been presented at trial: Hall was a party to the conversation described in the DeGroat letter. Hall testified at trial and could have related the DeGroat conversation to the jury. Additionally, (1) Lennie Hall was present at trial and did not testify, and (2) Hall could have called the DeGroats to the witness stand to corroborate his story regarding Roberta's alleged threat.

We agree that Hall has failed to show that the evidence could not have been produced at trial. The trial court evaluated the evidence and concluded that Hall's trial counsel had the Klingenberg report in his possession and that Hall had knowledge of the conversation discussed within the DeGroat letter. Evidence was presented at the hearing which supported the trial court's conclusions. "The credibility of the evidence offered in support of the motion is for the trial court's consideration." *State v. Ji*, 251 Kan. 3, 38, 832 P.2d 1176 (1992). Hall simply denies having the report and asserts that his counsel's statement at trial proves that his counsel did not have the report. However, his counsel's statement at trial was subject to examination at the motion hearing. Trial counsel explained that the statement "was an oversight on [his] part" and testified that he did, in fact, have the report in his possession prior to trial. The DeGroat letter itself shows that Hall was a party to the events discussed.

## K.S.A. 22-3501—New Trial Motions

K.S.A. 22-3501 controls new trial motions.

"(1) The court on motion of a defendant may grant a new trial to him if required in the interest of justice. . . .

"(2) A motion for a new trial shall be heard and determined by the court within 45 days from the date it is made."

Hall observes that the motion for a new trial was filed December 3, 1991. The district court scheduled Hall's motion for hearing on February 4, 1992. The motion was not heard and determined within 45 days.

The trial judge at the hearing on the new trial motion concluded that Hall was not prejudiced by the failure to hear and decide the motion within 45 days. Hall asserts: "K.S.A. 22-3501 does not say anything about prejudice to the defendant. It does not

say anything about a busy judge setting the motion for hearing whenever he has time on his calendar. And, the statute does not say anything about being an absolute rule for motions after verdicts and some kind of more flexible rule for motions based on newly discovered evidence." Hall indicates that he did nothing to delay the hearing of the matter. Hall argues that "[i]f this statute does not have some teeth in it somewhere, judges will be free to ignore it as the circumstances of their docket or their knowledge of the statute dictates." Hall concludes that K.S.A. 22-3501(2) would be effectively repealed if it is never enforced and that repeal is a job for the legislature.

The State counters with an analysis of Hall's actions. Hall first saw the Klingenberg report on September 19, 1990, but did not file his motion for a new trial until December 3, 1991. Additionally, Hall neither communicated with the trial court that the motion had been filed nor requested a hearing. See Supreme Court Rule 137 (1992 Kan. Ct. R. Annot. 121). Hall neither requested oral argument nor filed a memorandum on the motion as required by Supreme Court Rule 133 (1992 Kan. Ct. R. Annot. 118). The State emphasizes that Hall failed to notify the district court that the hearing was set beyond the 45-day statutory period. Hall did not object to the hearing date. According to the State, Hall had an obligation to see that his motion was heard in a timely fashion.

In *State v. Milum*, 213 Kan. 581, 584, 516 P.2d 984 (1973), Milum raised the issue of the trial court's delay in ruling on his motion for a new trial. In *Milum*, the motion was filed July 1, 1971; argument was on September 15, 1971. The motion was denied and sentence was imposed on July 7, 1972. Milum cited K.S.A. 22-3501(2), emphasizing the 45-day requirement. We reasoned in *Milum*: "While we cannot condone unwarranted delay, under the circumstances of this case appellant can demonstrate no prejudice." 213 Kan. at 584. The *Milum* analysis controls the case at bar. The 45-day time period is a directive to the trial court. The State correctly points out that Hall has not shown that he was prejudiced by the court's delay in hearing argument on the motion for a new trial. During oral argument before this court, Hall's appellate counsel was unable to identify any prejudice to Hall as a result of the 18-day delay beyond the statutory

45-day time period. Hall did not file his motion until more than one year after he first saw the Klingenberg report. The trial judge presides over a multi-county western Kansas judicial district. Despite Hall's failure to provide the Rule 137 notification, the trial judge was aware of the motion and made a conscious decision to set the hearing for the next date he was scheduled to appear in court in Scott County. Hall requests that we grant "whatever relief that the facts and law justify." We find no justification for a new trial.

Affirmed.