No. 70,872

STATE OF KANSAS, *Appellee*, v. DAVID G. THOMAS, *Appellant*.

(891 P.2d 417)

Opinion filed March 10, 1995.

*Benjamin C. Wood,* special appellate defender, argued the cause, and *Jessica R. Kunen,* chief appellate defender, was with him on the brief for appellant.

*Doyle Baker,* assistant district attorney, argued the cause, and *Nola Foulston,* district attorney, and *Robert T. Stephan,* attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

SIX, J.: This is a newly discovered evidence case. David G. Thomas was convicted of first-degree murder in October 1991. We affirmed his conviction in *State v. Thomas,* 252 Kan. 564, 847 P.2d 1219 (1993). Thomas later moved for a new trial, alleging that three witnesses previously unknown to him now claim they saw someone else commit the murder for which he was convicted. The district court reviewed one affidavit and two written statements of the three witnesses, heard arguments of counsel, and denied the motion.

Thomas contends that the district court abused its discretion by reaching contradictory conclusions of law in explaining its ruling and by apparently finding the new witnesses' statements to lack credibility without observing their testimony. He requests a new trial, or, in the alternative, a full evidentiary hearing on his motion for a new trial.

The appellate standard of review of an order denying a motion for a new trial under K.S.A. 22-3501(1) is generally limited to whether the trial court abused its discretion. *State v. Hall*, 252 Kan. 669, 671, 847 P.2d 1288 (1993). Under the abuse of discretion standard, if a reasonable person could agree with the trial court's decision, it will not be disturbed on appeal. See *State v. Massey*, 242 Kan. 252, 264, 747 P.2d 802 (1987).

Our jurisdiction is under K.S.A. 1994 Supp. 22-3601(b)(1) (Thomas was convicted of a class A felony). We find no abuse of discretion and affirm.

## Facts

The facts underlying Thomas' conviction are set forth in our opinion in *State v. Thomas*, 252 Kan. at 566-67. Thomas borrowed a .22-caliber rifle on March 25, 1991, from Stan and Joy Austin, telling them that he was going hunting. The next evening Thomas and two acquaintances drove to the north side of Wichita. Thomas stopped the car, pulled the rifle from the car, and began chasing the victim, Veotis Richmond. Thomas' two acquaintances, who stayed behind, heard two or three gunshots. When Thomas returned, he said that the man had sold him "bad drugs." At the Austins' house Thomas wiped off the .22 rifle and returned it, stating he did not want his fingerprints on the gun. Richmond's body was found the next day. An autopsy revealed that Richmond died of a single gunshot to the back of his head. A firearms expert testified that the bullet recovered from the victim was a .22, fired from the rifle that Thomas borrowed from the Austins.

Thomas' defense at trial was that someone else killed Richmond. He attempted to introduce evidence that a man named Roger Tucker had been angry with Richmond on the day of the shooting and was looking for him. Thomas' only evidence con-

cerning Tucker and Richmond was double hearsay and was not admitted as substantive evidence. There were no witnesses in Thomas' defense claiming to have seen the Richmond murder.

Almost two years after his conviction, three persons came forward claiming to know from their own observations that Thomas did not kill Richmond. Two of the three new witnesses, Tuggle and Roberts, were fellow inmates of Thomas in the El Dorado Correctional Facility. The third witness, Beans, was an inmate in the Hutchinson Correctional Facility.

Of the three new witnesses, only Roberts executed a sworn affidavit. Roberts said he "was down on 9th Street, when I saw Roger Tucker fighting with Veotis Richmond when Roger come up with a gun and shot Veotis."

Beans, who was apparently the first of the three witnesses to contact Thomas' defense counsel, submitted a handwritten, unsworn statement. In his statement, Beans claims that he "saw Roger Tucker kill Veotis Richmond" and explains that he did not come forward at the time with his information because he was "on the run" from a parole violation and because he feared Tucker.

The third new witness, Tuggle, sent a letter to Thomas' counsel (after Thomas' motion for new trial had been filed) saying that Thomas was "convicted of a crime that he did not commit" and that Tuggle would "like to explain this to the court because I should have done this a long, long time ago."

Following a procedure similar to that described in *State v. Dunn*, 243 Kan. 414, 436, 758 P.2d 718 (1988), the district court conducted an initial hearing on the motion for a new trial. The trial court heard the presentation of evidence, which was limited to the written affidavit and the two letters of the witnesses, and a summation by counsel. As explained in *Dunn*, such preliminary inquiries allow the district court "to determine whether the claims asserted in the motion are substantial before granting a full evidentiary hearing and requiring the petitioner to be present." 243 Kan. at 436. The three witnesses were not subpoenaed to testify in person, and Thomas was not personally present.

After hearing arguments of counsel and reviewing the substance of the three statements, the district court denied Thomas'

request for a full evidentiary hearing and denied the motion. The judge who ruled on the motion was not the same judge who presided at trial. The district court, in a written journal entry, explained that its denial was, in part, because "the testimony of these witnesses is not newly discovered evidence for purposes of K.S.A. 22-3501."

The rules governing motions for new trials based on newly discovered evidence are well established. K.S.A. 22-3501(1) provides:

"The court on motion of a defendant may grant a new trial to him if required in the interest of justice. . . . A motion for a new trial based on the ground of newly discovered evidence may be made within two years after final judgment."

The test for determining whether a new trial is warranted based on newly discovered evidence has two parts: (1) The defendant bears the burden of establishing that the newly proffered evidence is indeed "new"—that is, it could not with reasonable diligence have been produced at trial; and (2) the evidence must be of such materiality that there is a reasonable probability it would produce a different result upon retrial. *Hall*, 252 Kan. at 671.

### Alleged Inconsistency in the District Court's Ruling

Thomas first contends that the instant case should be remanded because the district court's oral ruling "defies logic." According to Thomas, the district court seemed to assume, on one hand, that Thomas' counsel could not (with reasonable diligence) have produced these new witnesses at trial, and yet it still ruled that this "is not newly discovered evidence." Thomas' confusion about the district court's ruling is understandable. The district court's conclusion that this was not "newly discovered evidence" is ambiguous. The ambiguity, however, does not justify a remand.

In an exchange between the district court and defense counsel, the court explained its "three-fold ruling": (1) An evidentiary hearing was not required to decide the motion; (2) the proffered evidence was not "newly discovered evidence"; and (3) "even if it was newly discovered evidence . . . they would have run across [the evidence] with reasonable due care anyway."

The district court stated orally and in the written journal entry that the newly proffered testimony from the three new witnesses

was not "newly discovered evidence." However, when asked directly whether it was ruling that defense counsel did not use due diligence in attempting to locate these witnesses at the time of trial, the district court responded, "I'm not making that ruling at all." The district court revealed its suspicion that Thomas may have known these three witnesses at the time of the trial, stating, "I mean, if you—if you knew them now, he probably . . . knew them then. Your client has the burden to go through all of his list of buddies then." However, the trial court decided not to rest its ruling on grounds that the evidence could have been produced at the original trial. Instead, the court concluded, "Well I'm just going to assume that you couldn't have found it, but I'm going to rule that this is not newly discovered evidence."

The logical interpretation of the district court's ruling, considering the applicable legal standards, is that it was based on the second part of the analysis, *i.e.*, whether the newly proffered evidence was so material as to create a reasonable probability of changing the outcome upon retrial. The district court, however, never spoke directly in terms of materiality and credibility. Therefore, Thomas contends that a remand is required. We disagree. The district court implicitly conveyed its distrust of the evidence throughout the hearing and therefore denied the motion without allowing a full evidentiary hearing. The most telling clue to the district court's ruling came when the court explained: "Now, we are only dealing with three people currently in the penitentiary, locked up where the defendant is now or at some time in the past. *You know, that's — that is a bit peculiar. It is also consistent with a lot of cases we have all seen in the past."* (Emphasis added.)

The district court's conclusion that Thomas did not put forward "newly discovered evidence" was based on an implicit judgment of the credibility and materiality of the proffered statements. The ruling was not an abuse of discretion on the grounds of ambiguity or erroneous application of the law.

### Whether the District Court Erred in Denying the Motion Without a Full Hearing

Thomas asserts that the district court erred in implicitly weigh-

ing the credibility of the proffered testimony solely from the submitted affidavit and statements of the three new witnesses. He contends that the district court abused its discretion if it denied his motion based on a credibility determination without conducting a full evidentiary hearing. He further contends that, because the district court did not observe live testimony, the standard of review should be de novo, rather than abuse of discretion. No full hearing was held, and the district court did not rely on personal knowledge of the new witnesses in judging their credibility. Consequently, Thomas reasons, we exercise equality with the trial court on review in considering whether the proffered testimony is credible and material.

A defendant has no automatic right to a full evidentiary hearing by filing a motion for a new trial based on alleged newly discovered evidence. See *Dunn*, 243 Kan. at 436. "Although defendants are tireless in seeking new trials on the ground of newly discovered evidence, motions on this ground are not favored by the courts and are viewed with great caution." 3 Wright & Miller, Federal Practice & Procedure: Crim. 2d § 557, p. 315 (1982).

We have reviewed cases in which new trial motions based on alleged newly discovered evidence were denied without a full evidentiary hearing. See, *e.g.*, *State v. Bradley*, 246 Kan. 316, 319, 787 P.2d 706 (1990); *Dunn*, 243 Kan. at 437-39; *State v. Holley*, 238 Kan. 501, 509-10, 712 P.2d 1214 (1986). In *Bradley* and *Holley*, the trial court reached its conclusions about the credibility of the proffered evidence based solely on the affidavits submitted with the motions. *Bradley*, 246 Kan. at 319; *Holley*, 238 Kan. at 509-10. We reviewed the district court's final decision in *Bradley* and *Holley* under the abuse of discretion standard.

Admittedly, *Bradley* and *Holley* have factual dissimilarities from the case at bar. In *Bradley*, the district court found the affidavits of Bradley and an acquaintance (and fellow inmate at Lansing) to be without credibility, stating, " '[T]his Court knows and remembers Tyrone Bradley and Henry Fletcher Holliday and does not believe the testimony of either to be reliable or creditable.' " 246 Kan. at 319. The trial court in *Bradley* knew both affiants from past experience and could assess their credibility on that basis. In the in-

stant case, the district court did not claim to know any of the three new witnesses from personal experience or to base its ruling on such knowledge.

Holley relied on his own affidavit and on two unsigned and unsworn letters purportedly from his codefendant, which absolved him of any involvement in the robbery for which he had been convicted. *Holley*, 238 Kan. at 509. The only affidavit submitted with Holley's motion was his own, which would naturally be questioned as self-serving. Furthermore, we stated that Holley "did not call [his codefendant and the source of the allegedly new evidence] to testify in his motion for new trial," suggesting that Holley may have been provided the opportunity to call his witness, but chose not to. 238 Kan. at 509. Thomas *complains* that he was never provided the opportunity to have his new witnesses testify and have their credibility judged from the witness stand.

The abuse of discretion standard applies to the decision of whether to grant a new trial based on newly discovered evidence, regardless of whether a full hearing with live testimony is held. Neither counsel nor our independent research has revealed case law suggesting otherwise. We think there are valid reasons for deferring to the trial court's decision, even when it is based solely on "paper evidence." Making a judgment about the credibility of affidavits and handwritten statements is different than construing language in a contract. A credibility judgment is not an interpretation of the meaning that words on paper intend to convey but, rather, whether the words should be believed as true. Credibility can be affected by many factors other than simply the physical demeanor of the witness testifying; bias, interest, and motive may be reasonably implied from all the circumstances. Moreover, trial judges routinely receive, evaluate, and decide motions for new trials based on newly discovered evidence. They develop unique experience and perspective in evaluating the credibility and materiality of paper evidence submitted in support of such motions. They can draw upon such experience in attempting to distinguish potentially meritorious motions from frivolous ones.

We support the application of our well-established rule that the credibility of the evidence offered in support of a motion for

a new trial is for the trial court's consideration, *Hall,* 252 Kan. at 672, even where a full hearing is not held. We apply the abuse of discretion standard of review to the district court's decision to deny Thomas' motion for a new trial.

Thomas bears the burden of bringing forward new evidence. The new evidence must be sufficiently credible, substantial, and material to raise in the court's mind, in light of all the evidence introduced at the original trial, a reasonable probability of a different outcome upon retrial. In the instant case, Thomas produced only one sworn statement, that of Roberts, a fellow inmate. His other two submissions were unsworn statements, also from prison inmates. Even without making any general assumptions about the credibility of persons with a criminal record, the fact that two of Thomas' three new witnesses share his same address raises a reasonable suspicion about the genuineness of their testimony.

The credibility of Tuggle's typewritten letter may be further undermined by his handwritten postscript to defense counsel requesting information and assistance in "getting back into court" himself and closing, "Please contact me on this situation [his] ahead of time." The district court may have implied from Tuggle's postscript that Tuggle was motivated by his own self-interest in coming forward with "new" information and that Tuggle's degree of cooperation might depend on how much help he receives.

The credibility of Thomas' proffered new evidence is further questioned by the compelling evidence of his guilt introduced at trial. Thomas proffers no new evidence to diminish the State's firearms expert's analysis. The expert pinpointed the lethal bullet to the rifle that uncontroverted trial testimony placed in Thomas' possession at the time of the murder.

Our opinion in the case at bar is not to be construed as an endorsement of bypassing evidentiary hearings on newly discovered evidence motions as a standard practice. Under the circumstances in this case it was not an abuse of discretion for the district

court to deny Thomas' motion for a new trial under K.S.A. 22-3501(1) and his request for a full evidentiary hearing on the motion.

Affirmed.