(924 P.2d 1268)
No. 73,056

STATE OF KANSAS, *Appellee*, v. SIMON J. BEARD, *Appellant*.

Opinion filed October 4, 1996.

*Debra J. Wilson*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Doyle Baker*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before BRAZIL, C.J., LEWIS, J., and PAUL E. MILLER, District Judge, assigned.

LEWIS, J.: Defendant was convicted of possession of cocaine after a previous conviction for the same crime. It was further determined that defendant's criminal history score was "B" and that his presumptive Kansas Sentencing Guidelines Act (KSGA) sentence was incarceration for a period of between 68 and 77 months. The trial court granted a downward durational departure and sentenced him to prison for a term of 65 months. Defendant appeals both his conviction and his sentence.

Defendant's problems began when he was arrested on an outstanding warrant for an unrelated charge. Following that arrest, defendant was taken to jail, where he was strip searched prior to being placed in confinement. During the process of the strip search, the officer conducting the search asked defendant to unroll the cuff of his pants leg. When defendant did so, a small rock of cocaine fell from the cuff onto the floor. The cocaine was recovered by the police officer and forms the basis for the conviction now being considered.

The facts recited above constitute the testimony of Officer Keith Tate of the Wichita Police Department. There was, however, another story.

Defendant denies there was any cocaine on his person or in his pants cuff. He alleges that the cocaine found must have been planted by the police officers.

## SUFFICIENCY OF THE EVIDENCE

Defendant first argues that his conviction is not supported by the evidence. Our standard of review is well established:

"When the sufficiency of the evidence is challenged in a criminal case, the standard of review is whether, after review of all the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt." *State v. Knighten*, 260 Kan. 47, Syl. ¶ 1, 917 P.2d 1324 (1996).

The evidence as to whether defendant was or was not in possession of cocaine is conflicting. There were two scenarios painted, one by Officer Tate and one by defendant, and those are described above. The jury chose to believe the testimony of Officer Tate to the effect that cocaine fell from defendant's pants cuff during his pre-jail search.

Defendant argues that Officer Tate's testimony is unreliable, that we should not believe it, and that we should reverse his conviction on that basis. Unfortunately for defendant, this is an argument more properly made to a jury than to an appellate court. "When a verdict is challenged for insufficiency of evidence or as being contrary to the evidence, it is not the function of this court to weigh the evidence or pass on the credibility of the witnesses." *State v. Dunn*, 249 Kan. 488, 491, 820 P.2d 412 (1991).

We have carefully reviewed the record in this case in the light of our standard of review, and we hold that defendant's conviction is supported by the evidence to the degree required by law.

## MOTION FOR A NEW TRIAL

Defendant argues that the trial court erred in denying his motion for a new trial on the grounds of newly discovered evidence.

The evidence at trial indicated that during the strip search of defendant, there was another detention officer present. Officer

Tate testified that he did not know the name of that officer and did not know the whereabouts of that officer. The mystery officer was not called to testify at the trial.

After trial, defendant filed a motion for a new trial, alleging he had identified and located the mystery detention officer and that he should be entitled to a new trial for that reason. Defendant did not, however, provide any information on who the officer was, what he or she might testify to, why he or she was not located at the ·time of trial, and why the mere location of the officer would change the results of the trial.

The relevant portion of K.S.A. 22-3501(1) provides: "The court on motion of a defendant may grant a new trial to him if required in the interest of justice." Our standard of review is set out in *State v. Thomas*, 257 Kan. 228, Syl. ¶ 3, 891 P.2d 417 (1995), as follows:

"The appellate standard for reviewing a trial court's order under K.S.A. 22-3501(1) on a motion for new trial based on newly discovered evidence is abuse of discretion, regardless of whether a full hearing with live testimony is held. Under the abuse of discretion standard, if a reasonable person could agree with the trial court's decision it will not be disturbed on appeal."

In addition, "[n]ew trials on grounds of newly discovered evidence are not favored, and such motions are to be viewed with caution." 257 Kan. 228, Syl. ¶ 2.

Defendant had the burden of proving why he should be given a new trial. He was required to show that he had obtained new, credible, and convincing evidence which, if introduced, would raise a reasonable probability of a different outcome upon retrial. Defendant proved nothing more than that he had located the missing police officer. This was not sufficient to sustain his burden of proof, particularly in the absence of any indication that the mere location of that officer could raise a reasonable probability of a different outcome.

We hold that defendant failed to meet his required burden of proof and that the trial court did not err in denying his motion for a new trial.

## CONSTITUTIONALITY OF K.S.A. 21-4711(a)

Defendant's criminal history was found to be "B" because of

three prior person misdemeanors, which are scored under the KSGA as one person felony for criminal history purposes. K.S.A. 21-4711(a) provides: "Every three prior adult convictions or juvenile adjudications of class A and class B person misdemeanors in the offender's criminal history, or any combination thereof, shall be rated as one adult conviction or one juvenile adjudication of a person felony for criminal history purposes."

In the absence of the additional felony conviction brought about by the three prior misdemeanor convictions, defendant's criminal history would have been something other than "B" and his sentence may have been somewhat less than the sentence imposed.

Defendant attacks the constitutionality of K.S.A. 21-4711(a). He argues it is unconstitutional in that it violates his due process rights and the prohibition against ex post facto laws.

We disagree.

A constitutional challenge to a statute involves a question of law over which this court has unlimited review. See *State v. Ponce*, 258 Kan. 708, 709, 907 P.2d 876 (1995). "A statute is presumed constitutional, and all doubts must be resolved in favor of its validity. If there is any reasonable way to construe a statute as constitutionally valid, the court must do so. A statute must clearly violate the constitution before it may be struck down." 258 Kan. at 709-10.

We consider this case to be controlled by the recent Supreme Court decision in *State v. LaMunyon*, 259 Kan. 54, 911 P.2d 151 (1996). In *LaMunyon*, the Supreme Court dealt with prior *noncriminal* juvenile adjudications being scored as felonies for criminal history purposes under the KSGA. The court found that such scoring did not violate the constitution. It held that "due process does not require that a juvenile be informed that an uncontested or stipulated adjudication could be used to determine the sentence for a future crime." 259 Kan. at 62. The court recognized that in the context of giving a guilty plea, a defendant does not have a right to be informed of the possibility that a conviction may be used to enhance a sentence for a later offense because that possibility is merely a collateral consequence of the plea. 259 Kan. at 62; see *City of Ottawa v. Lester*, 16 Kan. App. 2d 244, 246-47, 822 P.2d 72 (1991).

As in *LaMunyon*, defendant in this case was not denied due process by not being informed at the time he committed the misdemeanors that the offenses would be classified as a felony for criminal history purposes under the KSGA. The manner in which his prior crimes affect his guidelines sentence is merely a collateral consequence of being convicted of the misdemeanors. On the basis of *LaMunyon*, we hold that the application of K.S.A. 27-4711(a) to defendant's sentence did not violate his due process rights.

Defendant's next argument is that the statute violates the prohibition of ex post facto laws. He argues that defendants are disadvantaged by its provisions because it treats prior nonfelony acts as a felony and uses those acts to impose a harsher punishment against a defendant.

"An ex post facto violation occurs when a new law is retroactively applied to events that occurred before its enactment and the new law disadvantages the offender affected by it." *LaMunyon*, 259 Kan. at 65. In *LaMunyon*, the Supreme Court rejected an ex post facto challenge to the use of prior juvenile adjudications in scoring a defendant's criminal history under the KSGA. The court noted the arguments were similar to the ones rejected in previous cases involving the habitual criminal statutes. 259 Kan. at 66-67; see *State v. Jones*, 214 Kan. 568, 570, 521 P.2d 278 (1974); *State v. Campbell*, 9 Kan. App. 2d 474, 477, 681 P.2d 679 (1984).

The reasoning in *LaMunyon* is controlling in the instant matter. Defendant is not being punished for his prior person misdemeanors. Those misdemeanors are merely being used to establish a sentencing classification for his conviction of possession of cocaine. Under the analysis of *LaMunyon* and those cases dealing with the Habitual Criminal Act, the guidelines classification of defendant's three prior person misdemeanors as a felony for criminal history purposes does not violate the prohibition against ex post facto laws.

Affirmed.