NOT DESIGNATED FOR PUBLICATION

No. 116,852

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PIDY T. TIGER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed February 2, 2018.
Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before LEBEN, P.J., HILL, J., and WALKER, S.J.

PER CURIAM: Pidy Tiger, convicted of rape and aggravated indecent liberties with
a child, asks us to overturn the denial of his motion for a new trial. He claimed that four
handwritten notes attached to his motion expressed newly discovered evidence. After a
close reading of the notes and a painstaking comparison of their content with the trial
record, the judge ruled that they did not reflect any newly discovered evidence and,
besides, the admission of such evidence would not have changed the verdict. For the
reasons we give later, we find no abuse of discretion and affirm the judge's ruling.

1

*This is not the first appeal in this case.*

Our court affirmed Tiger's convictions in *State v. Tiger*, No. 110,278, 2015 WL 1513955 (Kan. App. 2015) (unpublished opinion.) Tiger was staying with his sister and brother-in-law and their five children. Three daughters shared a bedroom and Tiger raped and took indecent liberties with T.J., his 10-year-old niece, in the girls' bedroom. The details of his crimes are recounted in the prior appeal and we will not repeat them here. About one year after losing his appeal, Tiger filed this motion for a new trial and attached the notes. The notes were allegedly written by T.J. and three family members. None are notarized, nor are they in the form of affidavits.

In the note that Tiger attributes to the victim, T.J., it states: "I was scared when they took me downtown without my parent and questioned me they kept asking what happened so I finally told them what they wanted me to say."

In the second note, Tiger claims that H.J., one of T.J.'s sisters, stated: "My bed during the time was very squeeky [*sic*] at the time so if Thomas was to do something me and my sister would have heard we were in the same room. I don't think he should be there for life."

In the third, Tiger alleges that Crystal Johnson, his girlfriend at the time, wrote about her belief that the district attorney falsified evidence, T.J. had "continuously expressed to me that nothing had inappropriately taken place between her and Pidy Tiger," and that T.J. "openly confessed that she told this to the detectives that question[ed] her for hours. She explained that she felt pressured by the black detective Riddles and if she didn't say what he wanted to here [*sic*] she was going to go to jail." Johnson also stated that the police lied about what she had told them.

2

Then, in the fourth note, Tiger avers that M.T.J., his sister and T.J.'s mother, wrote that she was not pleased with how the case was handled. M.T.J. explained how T.J., H.J., Johnson, and herself were all taken downtown to the police station. M.T.J. stated she "wasn't present when [T.J. and H.J.] were questioned. [T]heir words were mixed up. [T.J.] was lied to, and so was I."

Since the court decided that the motion did not present a substantial issue of law or fact, it ruled on the motion without taking any evidence.

Basically, the court ruled the statements were not, as Tiger claimed them to be, "'sworn affidavits.'" They were, instead, "merely hand written statements followed by purported signatures." The court looked closely at the notes of T.J. and H.J. and found that T.J.'s statement was not really a recantation of her prior testimony. The court found that even if the statement was a recantation it was not newly discovered evidence because T.J.'s account of the events had changed during the investigation and at various hearings, and the parties were aware of this at the time of trial. The district court also determined H.J.'s statements were not newly discovered evidence either.

Even though the district court determined the two statements did not qualify as newly discovered evidence, it still analyzed whether the proffered evidence was material. The court concluded that the evidence was not material because T.J.'s statements and credibility had been thoroughly vetted at trial. Thus, in light of the other corroborating evidence, these new statements would not be likely to produce a different result upon retrial. The district court denied Tiger's motion.

*We find no error in the court summarily dismissing this motion.*

The controlling statute is clear, "The court on motion of a defendant may grant a new trial to the defendant if required in the interest of justice." K.S.A. 22-3501(1).

3

Caselaw has established a context for courts to use in addressing such motions. In order for a new trial to be granted, two tests must be satisfied.

- First, the court must determine whether the defendant has established that the newly proffered evidence could not, with reasonable diligence, have been produced at trial; and
- second, the court reviews whether the new evidence is material to the point it would be likely to produce a different result upon retrial. *State v. Fulton*, 292 Kan. 642, 649, 256 P.3d 838 (2011).

For our part, even though the ultimate determination of whether to deny a motion for a new trial is reviewed for an abuse of discretion, the district court's determination of whether the alleged newly discovered evidence was material is reviewed de novo with deference given to the district court's findings of fact. *State v. Rojas-Marcelano*, 295 Kan. 525, 539, 285 P.3d 361 (2012).

We look first at the court's findings and conclusions. First, the district court concluded that the alleged newly discovered evidence was not newly discovered evidence because it could have been found prior to trial. Additionally, the court found that T.J.'s statement was not a recantation of her prior testimony, but even if it were a recantation, the statement was not new evidence. We look at the recantation question first.

The court got it right. If that note is indeed T.J.'s statement, it is not a recantation by her. "Recantation occurs when a witness formally or publically withdraws or renounces prior statements or testimony." *State v. Warren*, 302 Kan. 601, 617, 356 P.3d 396 (2015). Here, this statement did not withdraw or renounce her prior testimony. It simply says that she told the officers what they wanted to hear. It does not say she lied. She does not say the acts did not occur, nor that she was making this up. This is not a recantation of her testimony as contemplated in *Warren*. See 302 Kan. at 617. The district

4

court's finding on recantation was reasonable. Because the court did not abuse its discretion in determining this alleged new evidence was not a recantation of prior testimony, Tiger's argument concerning the recantation being newly discovered evidence is unconvincing. We turn next to the question of whether this could have been discovered before trial.

The district court did not abuse its discretion in determining that the parties were aware of T.J.'s inconsistent statements at the time of trial. The court based this decision on the changes in T.J.'s story throughout the trial proceedings. Clearly, evidence that T.J. had changed her story was presented at trial. During her testimony, T.J. addressed her prior inconsistent statements and asserted that she was telling the truth during her testimony. The evidence of T.J. changing her story is certainly not newly discovered evidence.

Even if we read this statement to be a claim that her testimony was untrue due to police pressure, that claim could have been made at trial. At trial, T.J. stated that during the police interview she initially told the police officers that Tiger did not do anything. But when a second officer asked her questions, T.J. told that officer what happened. Officer William Riddle testified about his tactics during the interview. He stated that his purpose in asking T.J. questions was to get the full story. This testimony obviously shows that any evidence of inappropriate police pressure could have been presented at the trial and argued to the jury.

Furthermore, the trial attorneys had a transcript of T.J.'s interview with the police because they used it for impeachment. Since Tiger had access to the transcript, any evidence of alleged police pressure on T.J. to provide false answers could have been presented at trial.

5

Finally, a fair reading of the record reveals that as part of his defense at trial, Tiger argued that the police pressured T.J. During summation, defense counsel depicted the tactics used by the police while interviewing T.J.:

"The only evidence you have of that is an interview with the police where Mr. Riddle asked her specifically, uses the words, did his mouth touch you on your genitalia, and she says yeah. That's it. So there's no evidence other than a yeah. Under oath she says no, that never happened. Never tells the nurse that. That's it, a yeah. But you've got to ask if she's willing to say yeah, that happened, what more is she willing, then, to agree with the detective of other things that happened."

To sum up, this is a handwritten note purportedly written by a young girl with no account of whose signature it is and under what circumstances it was obtained. The words in the note are not a recantation by T.J. Evidence of the methods used by the police while interviewing T.J. was available to the defense at trial. And criticism of their methods was argued by the defense at trial. This shows us that the statement in the note cannot be newly discovered evidence. The district court did not err in concluding there was no newly discovered evidence from T.J.'s alleged statement. We move now to the second note allegedly from H.J.

The claim in the note allegedly written by H.J. is not newly discovered evidence. H.J.'s posttrial statement was that she and her sister would have heard if Tiger "was to do something" because she had a squeaky bed. Tiger knew H.J. was in the girls' bedroom when he raped T.J. and that H.J. was interviewed by the police. Additionally, Johnson testified at trial that she heard a "light screech, like as if somebody was getting in or getting out" of one of the bunk beds. The evidence that H.J. was in the room and would have heard the squeaky bed could have been presented at the trial. The fact that the bed was squeaky was not new. This claim could have, with reasonable diligence, been discovered before trial. The district court did not abuse its discretion in concluding this was not newly discovered evidence.

This conclusion is reinforced by Tiger's posttrial motion for relief based upon ineffective assistance of counsel. In this motion, Tiger argued his attorney was ineffective for failing to interview either of T.J.'s sisters that were in the room when the events allegedly occurred. This court determined Tiger's trial counsel "had reviewed the sisters' statements to the police which did not reveal any apparent exculpatory information." *Tiger*, 2015 WL 1513955, at *12. The record is clear that this information could have been presented at trial, thus it is not newly discovered evidence.

The last two notes, one allegedly from Johnson and one claimed to be from Tiger's sister, are basically complaints about how the case was handled by the police, the prosecutors, and the court. We see no new evidence in either statement.

None of the statements attached to Tiger's motion for a new trial provide newly discovered evidence—evidence that could not have been produced at trial with reasonable diligence. Since Tiger has failed to show that the evidence was newly discovered, he fails to satisfy the first test to grant a motion for a new trial. Failure to satisfy either test is fatal to his motion. The district court did not abuse its discretion in denying his motion for a new trial.

We move now to the question of materiality. When determining whether new evidence is material, the district court must assess the credibility of the evidence. *State v. Cook*, 281 Kan. 961, 993, 135 P.3d 1147 (2006). We will not reassess the district court's credibility determinations, but rather review the determination for an abuse of discretion. See *Warren*, 302 Kan. at 616.

It is obvious that a credibility determination for words on paper is necessarily a determination that those words are true. A credibility determination can be affected by not only the demeanor of a testifying witness, but also from bias, interest, or motive that is implied by all of the surrounding circumstances. *State v. Thomas*, 257 Kan. 228, 234,

7

891 P.2d 417 (1995). Because these notes were unsworn, the statements themselves lacked any independent indication that the words in the statements were true. It is certainly within the district court's discretion to determine the credibility of any unsworn statements. The court's conclusion was not unreasonable.

Going further, it is apparent that even if everything in the notes was true, the district court did not reach an unreasonable determination that it was unlikely the evidence would have produced a different result upon retrial. A new trial is not warranted when the newly discovered evidence only tends to impeach or discredit testimony of a witness. *Warren*, 302 Kan. at 617; *Rojas-Marceleno*, 295 Kan. at 540. Here, the claimed new evidence from T.J. would only impeach or discredit her own testimony. At trial, the jury necessarily made a credibility determination concerning T.J. because she had initially denied the assault occurred, but later discussed the assault with the police and—through her testimony at trial—the jury. T.J.'s story and credibility were examined at the trial.

Additionally, when newly discovered evidence tends to impeach a witness, the existence or lack of corroborating evidence is an important factor in determining whether the newly discovered evidence merits a new trial. *Rojas-Marceleno*, 295 Kan. at 540. Here, the DNA evidence presented at trial corroborates T.J.'s trial testimony. See *Tiger*, 2015 WL 1513955, at *3. Because the evidence only tends to impeach T.J.'s credibility— an issue that was litigated at the trial—the district court did not reach an unreasonable conclusion about the materiality determination. Thus, the district court did not abuse its discretion in denying Tiger's motion for a new trial.

Finally, Tiger argues the district court erred in denying his request for an evidentiary hearing on this motion. We see no error here. A district court may refuse to provide an evidentiary hearing on a motion for a new trial when the motion does not present a substantial issue of fact or law. *State v. Duke*, 263 Kan. 193, 195-96, 946 P.2d

8

1375 (1997). In fact, in *Thomas*, 257 Kan. at 233, the court held that there is no automatic right to a full evidentiary hearing on a motion for a new trial. Because the proffered evidence cannot be categorized as newly discovered evidence and would not likely result in a different result upon retrial, there was no substantial issue of fact or law presented by the motion. There was simply no need to take evidence on the motion. Thus, the district court did not err in denying the motion without an evidentiary hearing.

Affirmed.