Jesus Ramirez SANCHEZ,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 77–2247.

United States Court of Appeals,
Ninth Circuit.

Dec. 30, 1977.

Michael Pancer, San Diego, Cal., for appellant.

Harry D. Steward, U.S. Atty., San Diego, Cal., for appellee.

Barton C. Shella, III, Asst. U. S. Atty., on the brief, Terry J. Knoepp, U. S. Atty., San Diego, California, for respondent-appellee.

Before HUFSTEDLER, SNEED and KENNEDY, Circuit Judges.

PER CURIAM:

This is an appeal from the denial of petitioner's motion to vacate sentence pursuant to 28 U.S.C. § 2255. The challenged sentence was imposed after Sanchez pleaded guilty to conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) & 846, to possession of a firearm during commission of a felony in violation of 18 U.S.C. § 924(c)(2), and to failing to appear before the court as required in violation of 18 U.S.C. § 3150. At the time Sanchez was arrested for the drug and weapons offenses he was on parole from a previous federal sentence for a narcotics offense.

Sanchez first claims that the court below did not comply with rule 11(c)(1) of the Federal Rules of Criminal Procedure which requires the trial judge, before accepting a plea of guilty, to inform the defendant of

the maximum penalties for the offenses charged. Petitioner's argument is that under rule 11 the court must advise a defendant who is on parole from a previous offense of the effect which a new sentence might have on his status as parolee. If petitioner is correct in his interpretation of rule 11, he is entitled to have his guilty plea set aside so that he may plead anew, even though it is clear that Sanchez actually knew of the potential consequences of a guilty plea with respect to his parole status. *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); *Bunker v. Wise*, 550 F.2d 1155 (9th Cir. 1977).

We reject petitioner's interpretation of rule 11. Our cases make it clear that a defendant who wishes to plead guilty need not be advised of every possible consequence of his plea. He must be informed of all direct consequences, but need not necessarily be told of *collateral* consequences. *Fruchtman v. Kenton*, 531 F.2d 946, 948–49 (9th Cir.), *cert. denied*, 429 U.S. 895, 97 S.Ct. 256, 50 L.Ed.2d 178 (1976). For example, potential deportation of an alien defendant is deemed a collateral consequence of his guilty plea because that sanction is controlled by an agency which operates beyond the direct authority of the trial judge. *Id.* at 949; *Michel v. United States*, 507 F.2d 461, 465 (2d Cir. 1974). On the other hand, rule 11 does require the trial court to inform a defendant who is in state confinement at the time of his federal plea that under 18 U.S.C. § 3568 a district judge is powerless to impose a federal sentence to run concurrently with any state confinement. *United States v. Myers*, 451 F.2d 402 (9th Cir. 1972). Though the implications of section 3568 depend on the collateral fact of state confinement, the effect of that statute on the defendant's potential sentence is deemed to be direct since it affects the manner in which the federal sentence may be served. *Id.* at 404–05; *see Munich v. United States*, 337 F.2d 356 (9th Cir. 1964) (defendant must be informed of statute making him ineligible for parole from sentence to be imposed in consequence of guilty plea).

We hold that revocation of parole is a collateral rather than a direct consequence of a defendant's guilty plea. Contrary to the situation in *Myers*, revocation of parole is not a generalized legislative restriction on the time and manner of serving a federal prison term. The parole board has authority separate and distinct from that of the sentencing judge and may in its discretion determine whether the remainder of petitioner's preexisting sentence will be consecutive to or concurrent with the new sentence imposed by the trial judge. Rule 11 does not require notification by the district judge of possible parole revocation. *See United States v. Harris*, 534 F.2d 141, 142 n. 4 (9th Cir. 1976) (dicta).

Petitioner also complains that part of his plea bargain was not kept. He contends that he was promised an immediate parole revocation so that his old sentence might run concurrently with any new sentence to be imposed, and he describes the district court's finding that no such bargain existed as clearly erroneous. We cannot agree. Petitioner's own attorney states in the record that there was never a promise or representation that petitioner's parole would be revoked immediately.

Finally, Sanchez asks that the court extend the 120-day limitation for moving to modify a sentence. Fed.R.Crim.P. 35. This court has held, however, that the 120-day period fixes a mandatory jurisdictional limitation, *United States v. United States District Court*, 509 F.2d 1352 (9th Cir.), *cert. denied*, 421 U.S. 962, 95 S.Ct. 1949, 44 L.Ed.2d 448 (1975). Petitioner would have us apply the Eighth Circuit's proposed exception to this limitation, *see Kortness v. United States*, 514 F.2d 167 (8th Cir. 1975), but this court has already declined to recognize any such exception, *Andrino v. United States Board of Parole*, 550 F.2d 519 (9th Cir. 1977), and we follow that holding.

AFFIRMED.