(819 P.2d 1241)

No. 64,981

CLIFFORD EUGENE COX, *Appellant,* v. STATE OF KANSAS, *Appellee.*

Opinion filed October 18, 1991.

*Reid T. Nelson,* assistant appellate defender, and *Jessica R. Kunen,* chief appellate defender, for appellant. *Clifford Eugene Cox,* appellant pro se.

*James T. Pringle, Jr.,* county attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before GERNON, P.J., LEWIS, J., and RON ROGG, District Judge, assigned.

ROGG, J.: Clifford Eugene Cox appeals the order of the district court denying his motion to withdraw his guilty plea.

Cox pleaded guilty to the first-degree murder of Cathryn Kessinger. He was sentenced to life in prison. He did not file a direct appeal.

On July 25, 1988, Cox filed a motion pursuant to K.S.A. 60-1507, alleging only that the court should not have accepted his guilty plea because he was not advised of the full consequences of his plea. At oral argument he alleged the court failed to advise him of parole eligibility and certain "unspecified civil rights." The

motion was overruled on November 17, 1989. Cox filed a notice of appeal on November 17, 1989.

After the appeal was filed, Cox presented the appellate defender's office with the affidavit of his codefendant, William Kessinger, in which Kessinger claimed full responsibility for the death of Cathryn. Thereafter, this court remanded the case for the purpose of appointing counsel to represent Cox and to file a supplemental petition. The supplemental motion was filed in the trial court, and it alleged that Cox's guilty plea was coerced by fear of William and that the trial court failed to establish a factual basis for the element of premeditation. An evidentiary hearing was held on the motion. On March 1, 1991, the trial court denied Cox's supplemental petition in a lengthy memorandum opinion. He filed a timely notice of appeal.

On June 14, 1991, the appellate defender, on Cox's behalf, filed a motion to stay disposition of the appeal and for permission for Cox to file a pro se brief. In the motion, the appellate defender stated that he had determined defendant's supplemental brief contained no issues to be raised on appeal. Thus, the defendant wanted to file a supplemental brief raising those issues himself. This court granted the stay and ordered that the supplemental brief be filed by July 22, 1991, with an additional extension until August 26, 1991, for filing. The brief was filed on August 26, 1991.

The first issue we address is whether the trial court was required to advise Cox that he would lose certain civil rights if he pled guilty. This was the issue raised in his initial 60-1507 motion and was the one briefed by the appellate defender.

K.S.A. 22-3210 provides requirements which must be met before the trial court accepts a guilty plea. One of those requirements is that, in felony cases, the trial court has informed the defendant of "the consequences of the plea and of the maximum penalty." K.S.A. 22-3210(a)(2). Cox argues that this section required the court to inform him of civil rights he would lose once he was convicted of a felony.

The Kansas Supreme Court has stated the following about K.S.A. 22-3210:

" 'This procedure basically follows Rule 11 of the Federal Rules of Criminal Procedure, compliance with which is held to be mandatory upon the federal

courts in *McCarthy v. United States*, 394 U.S. 459, 22 L. Ed. 2d 418, 89 S. Ct. 1166 (1969), and which procedure is fastened upon the state courts as a requirement of due process. *Boykin v. Alabama*, 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969); *White v. State*, 222 Kan. 709, 713, 568 P.2d 112 (1977). K.S.A. 22-3210 was enacted following the *Boykin* decision. See *Widener v. State*, 210 Kan. 234, 237-38, 499 P.3d 1123 (1972).' " *State v. Reed*, 248 Kan. 506, 508, 809 P.2d 553 (1991) (quoting *State v. Dillon*, 242 Kan. 410, 413, 748 P.2d 856 [1988]).

Rule 11(c) of the Federal Rules of Criminal Procedure states specific information the trial court must personally give the defendant before accepting a guilty plea. This information does not include collateral matters. The Ninth Circuit has stated:

"We have said that Rule 11, as amended, does not require the district court to inform the defendant of every possible consequence of his plea. He must be informed of the direct consequences, but not all the possible collateral consequences. *Sanchez v. United States*, 572 F.2d 210 (CA9 1977). For example, it is unnecessary to inform a defendant of: (1) the possibility of revocation of parole, *Sanchez, supra*; (2) the possibility that a federal sentence might be ruled to run consecutively to a state sentence, *Faulisi v. Daggett*, 527 F.2d 305 (CA7 1975); (3) his potential deportation, *Fruchtman v. Kenton*, 531 F.2d 946 (CA9 1976), *cert. denied* 429 U.S. 895, 97 S. Ct. 256, 50 L. Ed. 2d 178 and; (4) the likelihood of an undesirable military discharge. *Redwine v. Zuckert*, 317 F.2d 336 (D.C. Cir. 1963)." *United States v. King*, 618 F.2d 550, 552 (9th Cir. 1980).

Our research reveals no Kansas case on this issue. However, New Jersey law also provides that the trial court must advise the defendant of the "nature of the charge and the consequences of the plea." New Jersey Rules Governing Criminal Practice, Rule 3:9-2. The New Jersey courts have interpreted this language as requiring only that the defendant be advised of the penal consequences of his plea. *State v. Heitzman*, 209 N.J. Super. 617, 622, 508 A.2d 1161 (1986), *aff'd* 107 N.J. 603, 527 A.2d 439 (1987). The court was not required to inform the defendant of collateral consequences such as "loss of public or private employment, effect on immigration status, voting rights, possible auto license suspension, possible dishonorable discharge from the military, or anything else." 209 N.J. Super. at 622.

The trial court was not required to inform Cox of the loss of voting rights, jury eligibility, or right to hold office. Nor was it required to inform Cox that, should he receive parole, the parole officer could impose restrictions on him. These are collateral con-

sequences which are not included in the mandates of K.S.A. 22-3210.

The supplemental petition of the appellant raises two additional issues: Was his guilty plea coerced by fear of his codefendant and was there a factual basis for the plea? The trial court's memorandum opinion of March 1, 1991, carefully and fully makes findings concerning both of these issues. We will not set out in detail those findings. The evidence in the record supports the court's conclusion that the plea was not induced by the coercion of the codefendant. The record supports the trial court's conclusion that the evidence of alleged threats by the codefendant is vague, inconsistent, and not credible.

The issue concerning the factual basis for the appellant's plea is somewhat more difficult, as acknowledged by the trial court. The appellant's challenge to the validity of the plea is directed at the alleged failure to establish a factual basis for the element of premeditation. The exchange between the court and appellant on this issue is as follows:

"THE COURT: The Amended Information filed this date alleges that on the 6th day of May, 1984, in this county, feloniously, willfully and maliciously and deliberately and with premeditation, you killed and murdered Catherine Kessinger by strangulation with a rope. On that date, May 6th, 1984, in this county, did you kill and murder Catherine Kessinger by strangling her with a rope?

"THE DEFENDANT: Yes, Your Honor."

In addition, the appellant had previously been furnished an amended information charging first-degree murder before the plea hearing. Cox acknowledged understanding the charge against him. This, we find, is sufficient to demonstrate that the court had an adequate basis to determine that there was a factual basis for the plea. See *Noble v. State*, 240 Kan. 162, 170, 727 P.2d 473 (1986); *James v. State*, 220 Kan. 284, 287, 553 P.2d 345 (1976); *Widener v. State*, 210 Kan. 234, 499 P.2d 1123 (1972).

The appellant raises some additional issues in his supplemental brief which were not raised before the court below. We, therefore, do not rule on them as they are presented for the first time on appeal.

The trial court's rulings are affirmed.