(889 P.2d 795)
No. 70,557

JIMMIE GARRETT, *Appellant*, v. STATE OF KANSAS, *Appellee*.

Opinion filed February 10, 1995.

*Jessica R. Kunen*, chief appellate defender, for appellant.

*Brad Johnson*, legal intern, *Melinda S. Whitman*, assistant district attorney, *Paul J. Morrison*, district attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before RULON, P.J., BRAZIL and ROYSE, JJ.

RULON, J.: This is an appeal from the summary denial of a motion pursuant to K.S.A. 60-1507.

Jimmy Garrett, petitioner, argues that the district court erred in finding it did not have jurisdiction to consider his claim because it was a collateral attack on a guilty plea. Petitioner claims his sentence is illegal pursuant to *State v. Williams*, 250 Kan. 730, 829 P.2d 892 (1992), and that his guilty plea was not voluntary because of ineffective assistance of counsel.

The facts in this case are not in dispute. Petitioner was originally charged with three counts of indecent liberties with three different children in violation of K.S.A. 21-3503. Pursuant to a

plea bargain, the State combined the charges in Counts One and Two into a single count of indecent liberties, and petitioner then entered a plea of guilty to Counts One and Three. The second count of indecent liberties was dismissed. According to the plea agreement, the State recommended sentences of 4 to 15 years of imprisonment on Count One and 3 to 15 years on Count Three. Both sentences were to run consecutively for a controlling sentence of 7 to 30 years.

In his K.S.A. 60-1507 motion, petitioner attacks the sentence imposed on Count One, claiming the sentence is illegal because one of the two victims listed in Count One was his stepdaughter. Petitioner cites *Williams* as authority for his argument that he should not have been charged with indecent liberties with his stepdaughter and thus should only have been charged with aggravated incest pursuant to K.S.A. 21-3603. Petitioner claims that had his attorney informed him that one of the charges was illegal, he would not have entered into the plea agreement, and thus his guilty plea was not knowingly and voluntarily made and should not be binding.

To set aside a guilty plea because of ineffective assistance of counsel based on an allegation that counsel's conduct rendered the plea involuntary, a defendant must show counsel's performance fell below the standard of reasonableness and there is a reasonable probability that, but for counsel's ineffectiveness, the results would have been different. See *State v. Aleman*, 16 Kan. App. 2d 784, 790-91, 830 P.2d 64, *rev. denied* 251 Kan. 940 (1992). " 'A court deciding an . . . ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.' " *Baker v. State*, 243 Kan. 1, 7, 755 P.2d 493 (1988) (quoting *Strickland v. Washington*, 466 U.S. 668, 690, 80 L. Ed. 2d 674, 104 S. Ct. 2052 [1984]).

"Judicial scrutiny of counsel's performance must be highly deferential, and a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. A court must indulge a strong presumption that counsel's

conduct falls within the wide range of reasonable professional assistance." *Chamberlain v. State*, 236 Kan. 650, 656-57, 694 P.2d 468 (1985).

Here, petitioner entered into the plea agreement in October 1990. At that time, case law indicated that it was permissible to charge a defendant with either indecent liberties or aggravated incest, even when the defendant was related to the victim in the degree set out in K.S.A. 21-3603. See *State v. Hutchcraft*, 242 Kan. 55, 744 P.2d 849 (1987), *overruled in part State v. Williams*, 250 Kan. 730. *Williams* was not decided until April 10, 1992. Realistically, petitioner's counsel could not have known or had reason to know that the State could only properly charge him with aggravated incest for molesting his stepdaughter.

Petitioner relies primarily on *Morrow v. State*, 219 Kan. 442, 548 P.2d 727 (1976). In *Morrow*, the defendant entered a plea of guilty to aggravated robbery in exchange for the State dropping charges of aggravated battery, aggravated assault, and theft. Morrow alleged that his counsel had advised him to accept the plea because of the lengthy sentence he could receive if convicted for all four charges. 219 Kan. at 443-44. The problem was that all three of the counts which were dismissed were lesser included crimes of the aggravated robbery charge, and, under the facts of the case, Morrow could only have been convicted of one of the four offenses. 219 Kan. at 444. Our Supreme Court held that if Morrow's allegations were true, defense counsel had failed to fulfill his obligation to advise Morrow of the range of permissible penalties which could be imposed and of Morrow's possible choices, which in turn could call into question the voluntariness of the guilty plea.

However, *Morrow* is distinguishable from the facts of this case. In *Morrow*, the law was well settled that the defendant could not be found guilty of and sentenced for all four of the crimes charged. Both the prosecution and defense counsel should have been aware that Morrow was being threatened with sentences that would have been illegal. In the instant case, the law at the time of petitioner's guilty plea indicated that the State had the option of charging those similarly situated with either aggravated incest or indecent liberties. Therefore, unlike Morrow's counsel, peti-

tioner's counsel would not have realistically had any reason to believe petitioner could not be charged with indecent liberties with his stepdaughter.

As stated above, petitioner's first obstacle is to show that his counsel's performance fell below the objective standard of reasonableness. We must necessarily view counsel's performance in light of the posture of the law at that time, with the strong presumption that counsel's performance was effective. Based on the state of the law at the time petitioner entered into the plea negotiations, we cannot conclude that his counsel's performance fell below an objective standard of reasonableness.

We also note that the charge in Count One of the amended complaint listed two victims, only one of which was petitioner's stepdaughter. Therefore, even if we were inclined to conclude that counsel's performance was lacking, petitioner would not be entitled to relief because his guilty plea as to the other victim would remain intact.

The record shows that the district court denied petitioner's claim because, unlike the defendant in *Williams*, petitioner entered a plea of guilty and did not subject himself to a trial as did Williams. The district court's reasoning is supported by our Supreme Court's recent decision in *LaBona v. State*, 255 Kan. 66, 872 P.2d 271 (1994). However, *LaBona* did not specifically address the issue of ineffective assistance of counsel. We are convinced a criminal defendant may, under the facts shown here, challenge his or her guilty plea based on a claim of ineffective assistance of counsel by a 1507 motion.

It is well settled in this state that a district court's decision that reaches the correct result will be upheld even though the court may have assigned erroneous reasons for its decision. *State v. Wilburn*, 249 Kan. 678, Syl. ¶ 5, 822 P.2d 609 (1991). Under the facts of this case, even though the district court was incorrect in ruling that it did not have jurisdiction, denial of petitioner's motion was correct because, as a matter of law, his counsel's conduct did not represent ineffective assistance of counsel.

Affirmed.