(963 P.2d 1250)

No. 78,010

RICHARD BUSSELL, *Appellant*, v. STATE OF KANSAS, *Appellee*.

Opinion filed August 21, 1998.

*Patrick Dunn* and *Stephen B. Chapman*, assistant appellate defenders, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Sherri Price*, assistant district attorney, *Nick A. Tomasic*, district attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before ROYSE, P.J., LEWIS and KNUDSON, JJ.

LEWIS, J.: Defendant was charged with 11 counts of aggravated incest. He entered into a plea agreement with the prosecutor wherein he pled guilty to five counts of aggravated incest in

exchange for the prosecution's dismissal of the other six counts. He was sentenced to three consecutive terms of 2 to 5 years and two concurrent terms of 2 to 5 years. He now seeks to withdraw his plea of guilty. The trial court denied defendant's 60-1507 motion to withdraw his plea of guilty, and defendant appeals.

Defendant argues he should have been permitted to withdraw his plea of guilty on the ground that it was involuntary. His basis for this allegation is that the trial court should have advised him about the Kansas Sexually Violent Predators Act (KSVPA) and its potential effect on him. He argues that without such advice, his plea was not knowingly made and was involuntary. He also claims ineffective assistance of counsel and argues that his lawyer should have advised him of the KSVPA and its potential effect.

A defendant may withdraw his or her plea of guilty after sentencing if doing so will correct a manifest injustice. K.S.A. 1997 Supp. 22-3210(d). Defendant argues it was manifestly unjust for the trial court to accept his plea of guilty when neither the court nor his attorney had advised him of the consequences of the KSVPA.

The first issue we must decide, and it is an issue of first impression, is whether a trial court, in a sex crime case, must advise the defendant of the potential effects of the KSVPA on such defendant before accepting a plea of guilty to a sex crime charge. We conclude the trial court is not so required.

The KSVPA is found at K.S.A. 59-29a01 *et seq*. It is an action that is civil in nature and is part of our probate code. See *In re Care & Treatment of Hay*, 263 Kan. 822, 829, 953 P.2d 666 (1998). The KSVPA provides for the involuntary civil commitment of a certain class of sex offenders. K.S.A. 59-29a01. The State can seek such a commitment if it can convince a jury beyond a reasonable doubt that the person in question is a "sexually violent predator." K.S.A. 1997 Supp. 59-29a07(a). It is important to note that the application of the KSVPA is neither inevitable nor automatic in the case of persons charged with or convicted of sex crimes. Its application is simply a matter of discretion to be exercised by the State. The attorney general is authorized to bring the action within his or her sole discretion. K.S.A. 1997 Supp. 59-29a04.

In *Cox v. State*, 16 Kan. App. 2d 128, Syl. ¶ 1, 819 P.2d 1241 (1991), *rev. denied* 250 Kan. 804 (1992), we held:

"Under K.S.A. 22-3210, a trial court is required to inform the defendant of *the direct penal consequences of a guilty plea before accepting the guilty plea*. The trial court is *not required* to inform a defendant of the *collateral consequences* of a guilty plea, including the loss of certain civil rights or privileges." (Emphasis added.)

In *Cox*, we held that the civil rights which the defendant faced losing by virtue of his guilty plea were merely "collateral consequences which are not included in the mandates of K.S.A. 22-3210." 16 Kan. App. 2d at 130-31. There are a number of other decisions in other jurisdictions concerning the same issue. See *Sanchez v. United States*, 572 F.2d 210 (9th Cir. 1977) (possible revocation of parole is collateral); *Faulisi v. Daggett*, 527 F.2d 305 (7th Cir. 1975) (possibility that a federal sentence might be ruled to run consecutive to a state sentence already imposed is collateral); *Redwine v. Zuckert*, 317 F.2d 336 (D.C. Cir. 1963) (undesirable military discharge is collateral); *State v. Heitzman*, 209 N.J. Super. 617, 622, 508 A.2d 1161 (1986), *aff'd* 107 N.J. 603, 527 A.2d 439 (1987) (effects on voting rights, immigration status, auto license, and military discharge are all collateral).

In *City of Ottawa v. Lester*, 16 Kan. App. 2d 244, 248, 822 P.2d 72 (1991), we noted that collateral consequences are " 'definite, immediate, and largely automatic [results] of the guilty plea.' " In *Lester*, we held the trial court was not required to inform the defendant that his driver's license could be suspended as a result of his guilty plea under K.S.A. 1990 Supp. 8-1014(c)(2). 16 Kan. App. 2d at 248.

In *In re J.C.*, 260 Kan. 851, 858, 925 P.2d 415 (1996), the Supreme Court upheld our definition of collateral consequences as used in *Lester* and held that "[d]ue process does not require a judge to inform a juvenile that a stipulation to a felony offense may be used subsequently to determine his or her status as a juvenile offender."

Our research has indicated that at least one state has held that a trial court's failure to advise a defendant of sex offender registra-

tion requirements is no basis for withdrawal of a guilty plea. *Benitez v. State*, 667 So. 2d 476 (Fla. Dist. App. 1996).

Based upon the decisions cited above, we hold that the potential application of the KSVPA is, at most, nothing more than a collateral consequence of a plea of guilty to a sex crime. As a result, under the settled law of this state, a trial court is not required to advise a defendant concerning the effect of the KSVPA prior to accepting the defendant's guilty plea to a violent sexual offense.

We also note that defendant's guilty plea did not subject him to the KSVPA to any greater extent than merely being charged with a violent sexual offense. By statutory definition, a sexually violent predator means "any person who has been convicted or is *charged with a sexually violent offense.*" K.S.A. 1997 Supp. 59-29a01(a). By merely being charged, defendant was potentially subject to the KSVPA. His plea of guilty did not change that status and, from that point of view, it is difficult to see where defendant can show any prejudice in the trial court's failure to advise him of the consequences of the KSVPA. He was already subject to the KSVPA prior to that plea.

In this state, the trial court is only required to inform a defendant of the consequence of his plea of guilty if that consequence is definite, immediate, and almost automatic as a result of his guilty plea. 16 Kan. App. 2d at 248. In the instant matter, there is nothing definite or automatic or immediate about the possible application of the KSVPA. The trial court was not required to advise this defendant of the possibility that the KSVPA *might* be invoked against him at some time in the future.

We have reviewed the record in this case, and we hold there is substantial competent evidence to support the trial court's denial of defendant's motion to withdraw his plea because defendant presented no credible evidence of manifest injustice.

Defendant next argues that he received ineffective assistance of counsel as a result of his trial lawyer's failure to advise him of the potential effects of the KSVPA.

Our standard of review on issues such as this is as follows:

"To set aside a guilty plea because of ineffective assistance of counsel based on an allegation that counsel's conduct rendered the plea involuntary, a defendant

must show counsel's performance fell below the standard of reasonableness and there is a reasonable probability that, but for counsel's ineffectiveness, the results would have been different." *Garrett v. State*, 20 Kan. App. 2d 513, 514, 889 P.2d 795, *rev. denied* 257 Kan. 1091 (1995).

In *Garrett*, we went on to say:

" 'Judicial scrutiny of counsel's performance must be highly deferential, and a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' " 20 Kan. App. 2d at 514-15 (quoting *Chamberlain v. State*, 236 Kan. 650, 656-57, 694 P.2d 468 [1985]).

In *State v. Solomon*, 257 Kan. 212, 223, 891 P.2d 407 (1995), the court said: "Defense counsel has an obligation to advise a defendant as to the range of permissible penalties and to discuss the possible choices available to the defendant."

We conclude that defendant's counsel's performance did not fall below the standard of reasonableness. The KSVPA is a civil act, and its proceedings are civil in nature. As *Solomon* indicates, trial counsel is only required to discuss possible criminal sanctions, not the civil penalty. We think this approach is reasonable when the collateral consequences doctrine is applied to this case. It is unclear now and will remain so in the future whether the KSVPA will ever apply to defendant because he has not yet finished his criminal sentence. The uncertainty inherent in predicting whether the KSVPA will ever be invoked against defendant is such that the failure of his counsel to advise him of potential consequences cannot be said to be constitutionally deficient.

In addition, to prove ineffective assistance of counsel, we must find there is a reasonable probability that but for counsel's ineffectiveness, the results in this case would have been different. *Garrett*, 20 Kan. App. 2d at 514. Defendant, in his 60-1507 petition, does not flatly state that his decision to plead guilty would have changed had he known of the KSVPA. We look at the realities of the situation. As a result of his plea of guilty, defendant managed to avoid six identical charges of aggravated incest, and the State

agreed not to seek the maximum sentence. We are not willing to assume that defendant is so lacking in judgment that he would have risked a much longer sentence by going to trial if he had known that sometime in the distant future the KSVPA might have been applied to him.

We see nothing in the record to indicate that defendant's decision to plead guilty would have changed had he been advised of the consequences of the KSVPA.

Affirmed.