**Donald Eugene HUNT, Petitioner,**

v.

**Michael DAILY, Sheriff, Respondent.**

No. 96–3380–DES.

United States District Court, D. Kansas.

May 21, 1999.

Donald Eugene Hunt, Larned, KS, pro se.

Jared S. Maag, Office of Attorney General, Topeka, KS, for Michael Daily, Attorney General of Kansas, respondents.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This is a petition for writ of habeas corpus, 28 U.S.C. § 2254, filed by a state prison inmate. An order to show cause issued, respondent filed an Answer and Return together with the state court records, and petitioner filed a Traverse. Having examined all the pleadings and attachments in the file, the court makes the following findings and order.

### CLAIMS

Petitioner challenges his conviction and sentence on the ground that he was improperly charged, and claims that his guilty plea was involuntary and violated due process, his sentence was illegal, and

defense counsel was ineffective.[1] As support for his claims, petitioner alleges that the judge, prosecutor, and defense attorney "all knew" that the State had no authority to charge him with indecent liberties but failed to inform him and misrepresented the law to him.

## FACTS

The facts are not in dispute. On October 31, 1985, petitioner entered into a plea agreement, pled guilty and was convicted of two counts of indecent liberties with a child, in violation of K.S.A. 21–3503. The two victims were his nieces.

In 1992, *State v. Williams*, 250 Kan. 730, 829 P.2d 892 (1992), was decided where the Kansas Supreme Court unanimously held that when the conduct of the defendant falls within the purview of aggravated incest pursuant to K.S.A. 21–3603, the defendant *must* be charged with the more specific crime of aggravated incest and *cannot* be charged with a more general sexual offense[2]. Specifically, the Court stated: "We hold where a defendant is related to the victim as set forth in K.S.A. 21–3603(1), the State may charge the defendant with aggravated incest for engaging in the acts prohibited therein but not with indecent liberties with a child." 250 Kan. at 736–37, 829 P.2d 892.

In 1995, Hunt filed a motion under K.S.A. 60–1507 on the same grounds as presented in this action. The state district court denied petitioner's motion, and the Court of Appeals of the State of Kansas and the Kansas Supreme Court affirmed the denial.

The state appellate court found the motion should be summarily affirmed under *Baker v. State*, 20 Kan.App.2d 807, 894 P.2d 221 (1995) and *Garrett v. State*, 20 Kan.App.2d 513, 889 P.2d 795 (1995). In *Baker* and *Garrett* the Kansas Court of

Appeals held that when a defendant pleads guilty to indecent liberties with a child, he waives the right to challenge the State's failure to charge the more specific crime of aggravated incest, and acquiesces in the convictions for indecent liberties. *LaBona v. State*, 255 Kan. 66, 872 P.2d 271 (Kan. 1994); *Baker*, 20 Kan.App.2d at 808–11, 894 P.2d 221 *Garrett*, 20 Kan.App.2d at 516, 889 P.2d 795. The Kansas courts additionally held that a plea is not involuntary just because defense counsel did not inform defendant of a legal standard that did not become law until after his plea. *LaBona*, 255 Kan. at 69, 872 P.2d at 273.

## DISCUSSION

The allegations in the petition fail to state a claim for federal habeas corpus relief. In the first place, the claims made by Hunt are not supported by the facts. Hunt entered into a plea agreement in 1985. At that time, contrary to petitioner's allegations, Kansas case law indicated that it was permissible to charge a defendant with either indecent liberties or aggravated incest, even when the defendant was related to the victim in the degree set out in K.S.A. 21–3063. *See State v. Hutchcraft*, 242 Kan. 55, 744 P.2d 849 (1987), *overruled in part by Williams; see also Baker*, 20 Kan.App.2d 807, 894 P.2d 221. *Williams*, which changed Kansas law, was not decided until April 10, 1992. Consequently, petitioner's defense counsel, the judge and the prosecutor could not have known or had reason to know in 1985 that the State could only properly charge Hunt with aggravated incest for molesting his nieces. Instead, Hunt entered his pleas upon charges that were consistent with the applicable law at the time.

Secondly, petitioner's claims are not supported by relevant legal authority. Hunt cannot successfully challenge the vol-

1. State court remedies have been exhausted.

2. The *Williams* court found that while the elements of the two crimes were similar, the distinguishing factor was that aggravated incest required the act to be committed by a relative of the child. They also found that the two statutes established different classes of felonies and that the legislature clearly intended that aggravated incest carry a lesser penalty.

untariness of his pleas based solely upon the fact that he was not made aware of a legal ruling which would not be announced for another six years. As the U.S. Supreme Court stated in *Brady v. United States,* 397 U.S. 742, 757, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970):

> ...[A]bsent misrepresentation or other impermissible conduct by state agents ... (cites omitted) ... a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise.

■ Hunt's arguments are dependent on a 1992 state court decision interpreting legislative intent as to two state criminal statutes prohibiting overlapping offenses. In essence, Hunt seeks to have the benefit of the 1992 ruling applied retroactively to his 1985 state convictions. The state court's holding, that the specific offense of aggravated incest should be charged rather than the general offense of indecent liberties, is nothing more than application of a rule of statutory construction. Hunt's claims based upon interpretations of state law occurring after his guilty plea, are not shown to amount to an allegation that he is in custody in violation of the Constitution or laws or treaties of the United States as required by 28 U.S.C. § 2254(a). *See Sawyer v. Smith,* 497 U.S. 227, 239, 110 S.Ct. 2822, 2829, 111 L.Ed.2d 193 (1990). Hunt simply does not demonstrate that any federal constitutional right was violated by the State's failure to charge him with the more specific offense.

Furthermore, petitioner's claims have been rejected by federal courts in similar cases. The Tenth Circuit Court of Appeals rejected the argument that a defendant was improperly indicted and tried under a general statute when a specific statute had been enacted by Congress contemplating a lesser penalty for the specific felony that defendant committed. *United States v. Afflerbach,* 754 F.2d 866 (10th Cir.) *cert. denied,* 472 U.S. 1029, 105 S.Ct.

3506, 87 L.Ed.2d 636 (1985); *United States v. Largo,* 775 F.2d 1099 (10th Cir.1985) *cert. denied,* 474 U.S. 1105, 106 S.Ct. 891, 88 L.Ed.2d 925 (1986)(*but cf.,* dissent of Circuit Judge McKay in both opinions); *see also United States v. Barrett,* 837 F.2d 933 (10th Cir.1988). While the Tenth Circuit utilized the same rule of statutory construction to determine legislative intent, they did not additionally hold that it is constitutional error to charge the general rather than the specific offense. Instead, they have generally ruled that when there are overlapping criminal statutes, it is within the prosecutor's discretion to proceed under either, so long as it does not discriminate against any class of defendants. *Id.; United States v. Batchelder,* 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979).

■ More importantly, as the state court has found significant, petitioner's plea waived any defects in the information/complaint which charged all the elements of the crime to which petitioner pled guilty. *See LaBona,* 255 Kan. at 67, 872 P.2d at 272. On habeas review, a federal court may set aside a state court guilty plea only for failure to satisfy due process. *Cunningham v. Diesslin,* 92 F.3d 1054, 1060 (10th Cir.1996); *Miles v. Dorsey,* 61 F.3d 1459, 1465 (10th Cir.1995), *cert. denied,* 516 U.S. 1062, 116 S.Ct. 743, 133 L.Ed.2d 692 (1996). In order to comport with due process guarantees, a defendant must have voluntarily and intelligently entered a guilty plea. *Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 1711–12, 23 L.Ed.2d 274 (1969). This means the plea must be knowing and the product of a deliberate, intelligent choice. *Cunningham,* 92 F.3d at 1060, *citing Parke v. Raley,* 506 U.S. 20, 28, 113 S.Ct. 517, 522–23, 121 L.Ed.2d 391 (1992); *United States v. Wright,* 43 F.3d 491, 495 (10th Cir.1994). Furthermore, the defendant must have "a full understanding of what the plea connotes and of its consequences." *Cunningham,* 92 F.3d at 1060, *citing Boykin,* 395 U.S. at 244, 89 S.Ct. at 1712. A state

court guilty plea will be upheld if the circumstances demonstrate that the defendant understood the nature and consequences of the charges and the defendant voluntarily chose to plead guilty. *Cunningham*, 92 F.3d at 1060, *citing Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Boykin*, 395 U.S. at 242–44, 89 S.Ct. at 1711–13; *Miles*, 61 F.3d at 1466. Whether a defendant entered a knowing and voluntary guilty plea presents primarily a question of law reviewed de novo. *Cunningham*, 92 F.3d at 1060, *citing Marshall v. Lonberger*, 459 U.S. 422, 431, 103 S.Ct. 843, 849, 74 L.Ed.2d 646 (1983); *Martin v. Kaiser*, 907 F.2d 931, 933 (10th Cir.1990); *Laycock v. New Mexico*, 880 F.2d 1184, 1186 (10th Cir.1989). To the extent that the question depends on findings of fact made by the state court, these findings carry a presumption of correctness. *Cunningham*, 92 F.3d at 1060, *citing Jones v. Cowley*, 28 F.3d 1067, 1069 (10th Cir.1994). No evidentiary hearing is required as the issues presented are questions of law or can be decided based on the record. *See Lasiter v. Thomas*, 89 F.3d 699, 703 (10th Cir.), *cert. denied*, 519 U.S. 998, 117 S.Ct. 493, 136 L.Ed.2d 386 (1996).

The transcript of the plea proceeding reveals that Hunt understood the charges in the information and that there was a factual basis for his conviction of two counts of indecent liberties with a child. In exchange for Hunt's pleas to those two counts, the State agreed not to file other charges in the criminal case, not to oppose concurrent sentences, and to dismiss an aggravated failure to appear charge in another case. Tr. at 3. Defense counsel stated on the record the minimum and maximum penalties applicable. Petitioner testified that he understood he was waiving rights by pleading guilty and that he was satisfied with his attorney's assistance. The judge found that petitioner's plea was knowing and voluntary.

This court's review of the plea proceeding indicates that before the state judge accepted petitioner's plea, he established that Hunt's plea was voluntary and entered with an understanding of the charges and consequences of the plea, and that Hunt was satisfied with counsel. The fact that the judge, prosecutor, defense counsel and Hunt did not anticipate the decision in *Williams* "does not impugn the truth or reliability of his plea." There is no requirement in the Constitution that a defendant be permitted to disown his solemn admissions in open court that he committed the acts charged simply because it later develops that the penalty then assumed applicable has been held inapplicable in subsequent judicial decisions. *Brady*, 397 U.S. at 757, 90 S.Ct. 1463. The court concludes that Hunt has not shown that his plea was constitutionally infirm.

For the foregoing reasons, the court finds that Hunt is not entitled to federal habeas corpus relief.

IT IS THEREFORE BY THE COURT ORDERED THAT this action is dismissed and all relief is denied.