NOT DESIGNATED FOR PUBLICATION

No. 125,728

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DANIEL ONTIVEROS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; MICHAEL A. RUSSELL, judge. Submitted without oral argument. Opinion filed January 12, 2024. Affirmed.

*Grace E. Tran*, of Kansas Appellate Defender Office, for appellant.

*Njeri Mwangi*, deputy district attorney, *Mark A. Dupree Sr.*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., SCHROEDER and COBLE, JJ.

PER CURIAM: Daniel Ontiveros appeals the denial of his presentence motion to withdraw his plea. He argues the district court abused its discretion because he demonstrated good cause to withdraw his plea due to the ineffectiveness of his counsel failing to fully explain the nature of his plea and the plea agreement. Because we find, after a thorough review of the record on appeal, that the district court did not abuse its discretion by denying Ontiveros' motion, we affirm.

1

In November 2019, Ontiveros pled guilty to one felony count of sexual exploitation of a child in exchange for the dismissal of three other felony counts (one for electronic solicitation and two for attempted aggravated indecent liberties with a child). But before sentencing, Ontiveros moved to withdraw his plea because he "did not fully understand the implications of his guilty plea, including the gravity of his alleged prior conviction in the State of Georgia." He also claimed that his "lack of understanding was compounded by insufficient representation insofar as counsel failed to adequately inform him of the full implication of his prior criminal history and how it would potentially impact his ultimate sentencing."

The district court conducted a hearing at which Ontiveros and his plea counsel, Michael Duma, testified.

*Ontiveros' testimony at the hearing on his motion to withdraw his plea*

Ontiveros testified that his attorney, Michael Duma, met with him to go over the plea petition on the day that he entered his plea, seven days before his trial was set to begin. He also testified that he reviewed the discovery in his case with his attorney at the district attorney's office three days before he entered his plea, while a law enforcement officer was present in the room. He stated that he "didn't want to say too much because the officer's sitting right there." He was concerned about the confidentiality of the discussions and felt intimidated. He claimed that his attorney never discussed the sentencing possibilities or the possibility of a civil sexual predator finding under the Kansas Sexually Violent Predator Act (KSVPA), K.S.A. 59-29a01 et seq., with him. He also cited the "serious nature of the charges" that he faced deprived him of his ability to be very rational when he considered his plea. He said Duma never discussed a defense to

his charges, prepared him for the type of questions that may be asked of him when he entered the plea, or discussed the potential consequences of his plea.

Ontiveros admitted that *he* left out his conviction in Georgia when he discussed his criminal background with Duma because he "never thought that [he'd] have to ever bring that up again." So Duma did not have all the necessary information to advise him regarding potential penalties—through no fault of Duma's.

Ontiveros had very little recollection of the district court inquiring into his understanding of the plea. He did remember the district court asking him if he understood that the State would ask for the maximum penalty of 272 months' imprisonment and the defense could argue for anything less at sentencing. Ontiveros also remembered the district court asking if it was his signature on the plea petition and Ontiveros further confirmed that the signature was his. However, he did not remember being asked if he was coerced or pressured to enter a plea or agreeing that he was of sound mind on the day that he entered the plea—although the record reflected all of those things were asked.

*Duma's testimony*

Duma testified that he met with Ontiveros "many, many, many times over the preceding year before the preliminary hearing." As to the plea petition, Duma testified that his standard practice consisted of using a preprinted form filled out ahead of time, he would then go over each paragraph with the defendant, informing the defendant that the judge will go over the petition in detail in court, then have the defendant sign it. He testified that he typically would write out the potential maximum punishment before the defendant signed the petition.

Duma did not recall the details of Ontiveros' plea hearing, including whether the judge asked Ontiveros whether the plea was knowingly, intelligently, or voluntarily

3

given; nor did he recall whether he discussed the persistent offender rule with Ontiveros. Duma did, however, recall discussing the possibility of having to register as a sexual predator with Ontiveros.

*District court denies Ontiveros' motion to withdraw his plea.*

*Counsel's advocacy was not incompetent or lackluster.*

The district court found that Duma's testimony at the motion to withdraw Ontiveros' plea was more credible than Ontiveros' testimony. The district court found that Duma advised Ontiveros of the potential plea and while Duma did not have an independent recollection of going over the plea petition with Ontiveros, Duma testified to his standard practice regarding plea petitions. Finding that Ontiveros testified that he read the plea petition and discussed it with his attorney, understood the contents of the petition and did not want the district court to explain anything further, and then signed the petition, the district court concluded that Ontiveros was represented by competent counsel.

On Ontiveros' allegation that his attorney failed to advise him that his conviction could make him eligible for possible commitment under the KSVPA, the district court cited two Kansas cases that dealt with similar issues. In the first cited case, *Bussell v. State*, 25 Kan. App. 2d 424, 428, 963 P.2d 1250 (1998), the district court stated that the *Bussell* court held that in a postsentence motion to withdraw a plea, the failure of the defendant's counsel to advise him of potential consequences does not declare that representation to be constitutionally deficient. The second cited case, *State v. Schaefer*, 305 Kan. 581, 385 P.3d 918 (2016), dealt with a presentence motion to withdraw a plea where the defendant's counsel did not advise him of the potential for involuntary commitment under KSVPA, but the court found this did not amount to mere lackluster advocacy. 305 Kan. at 589-90. The district court expanded on *Schaefer*, stating that the

4

holding of the Kansas Supreme Court was that the defense attorney did not have a duty to advise the defendant of the potential KSVPA consequences where that possibility was remote.

Using those cases, the district court concluded that Ontiveros was not advised of the possibility of civil commitment, but that possibility was not a certain consequence. Thus, the district court denied Ontiveros' motion to withdraw his plea because he failed to show enough evidence supporting the allegation that his attorney demonstrated lackluster advocacy.

*Ontiveros' plea was fairly and understandingly made.*

On the second allegation that Ontiveros' plea was not fairly and understandingly made, the district court found that the plea petition and the court's colloquy with Ontiveros at the plea hearing established that Ontiveros understood the potential maximum sentence he could face—despite his testimony to the contrary.

The district court cited several times that Ontiveros received notice of the potential maximum consequences of his plea. The first notice was the plea petition, in which the district court used language on page two of the petition to find Ontiveros was informed of the maximum punishment of his plea. Ontiveros received notice at the plea hearing first when the State put the petition on the record, which stated that Ontiveros would be subject to lifetime postrelease and lifetime registration, as well as Ontiveros' prior sexual convictions from Missouri. The State also indicated that one of his convictions would qualify as a sexually violent crime which would qualify him for designation as a persistent sex offender. See K.S.A. 2022 Supp. 21-6804(j)(2).

Instead, the district court found Ontiveros' testimony at the plea hearing more credible and persuasive than his plea withdrawal testimony. The district court noted

5

Ontiveros informed the court at his plea hearing that his plea was his complete understanding of the plea agreement, that no one threatened, coerced, or promised him anything to plead guilty, and that he had sufficient time to make a decision that was in his best interests.

After the district court's denial of Ontiveros' motion to withdraw his plea, he moved for a competency evaluation, objected to sentencing, objected to his criminal history score, and moved for downward durational departure. The district court ordered an evaluation of competency, which resulted in a finding of competency. After denying his remaining motions, the district court ordered Ontiveros to serve 256 months in prison with lifetime postrelease supervision.

ANALYSIS

*We review the district court's holding for an abuse of discretion.*

Generally, appellate courts review a district court's decision to deny a motion to withdraw a guilty or no-contest plea for an abuse of discretion. *State v. Frazier*, 311 Kan. 378, 381, 461 P.3d 43 (2020). "The movant bears the burden to prove the district court erred in denying the motion." *State v. Hutto*, 313 Kan. 741, 745, 490 P.3d 43 (2021).

A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Keys*, 315 Kan. 690, 708, 510 P.3d 706 (2022).

*A defendant must demonstrate good cause to withdraw a plea before sentencing.*

"A plea of guilty or nolo contendere, for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged." K.S.A. 2022 Supp. 22-3210(d)(1).

In determining whether a defendant has established good cause to withdraw their plea, a district court generally looks to these three factors from *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006): (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. *Frazier*, 311 Kan. at 381. These factors should not "be applied mechanically and to the exclusion of other factors." *State v. Fritz*, 299 Kan. 153, 154, 321 P.3d 763 (2014). These factors establish "'viable benchmarks'" for the district court when exercising its discretion, but the "court should not ignore other factors that might exist in a particular case." *Schaefer*, 305 Kan. at 588; see *Frazier*, 311 Kan. at 382 (applying contract principles to good cause showing).

*A review of the Edgar factors does not support Ontiveros' motion to withdraw his plea.*

*Factor 1: Whether the defendant was represented by competent counsel.*

Ontiveros failed to establish good cause to withdraw his plea on the allegation that his counsel was not competent. To demonstrate incompetent counsel under the first *Edgar* factor, it is not required to show that counsel was unconstitutionally ineffective under the Sixth Amendment to the United States Constitution; rather, a showing of "'lackluster advocacy'" may suffice. *State v. Herring*, 312 Kan. 192, 198, 474 P.3d 285 (2020). Lackluster advocacy may be characterized as "'lacking energy or vitality, boring, unimaginative.'" 312 Kan. at 201.

7

Ontiveros alleged that his counsel was incompetent because his counsel failed to inform him of the possible civil commitment under the KSPVA. Duma admitted he did not discuss possible civil commitment with Ontiveros.

Citing *Schaefer*, Ontiveros argues that his case presented more than a remote possibility of civil commitment under the KSVPA and thus his attorney had a duty to inform him of the possibility. He argues that, given his criminal history, there was a higher probability of proceedings under the KSVPA. Ontiveros concedes that with this conviction he has multiple sexually violent offenses in his criminal history.

In *Schaefer*, the Kansas Supreme Court considered whether a presentence motion to withdraw a plea was supported by good cause when the defendant alleged his counsel failed to advise him of the possibility of civil commitment under the KSVPA. The Supreme Court found the district court's credibility finding on Schaefer's plea, that the plea agreement lessened the "prison time Schaefer faced" and that "Schaefer's statement that he would not have pled, had he known about the KSVPA, was unbelievable." 305 Kan. at 594. The Supreme Court deferred to the district court's weighing of evidence and assessment of credibility, concluding that if "knowledge of the KSVPA would not have changed Schaefer's decision to plead, his attorney's failure to provide that knowledge is not good cause for the withdrawal of the plea." 305 Kan. at 594.

This case shares many similarities with the facts of *Schaefer*. Ontiveros received a benefit in the plea agreement by avoiding convictions and a considerable reduction in prison time by pleading to the sexual exploitation charge in exchange for the dismissal of three other felony counts. Moreover, Ontiveros does not assert that had he known about the possibility of civil commitment under the KSVPA, he would not have pled. Ontiveros was 61 years old at the time of these offenses. He received a sentence of 256 months in prison, or more than 21 years. Any civil commitment proceeding, if instituted, would be initiated at the end of his prison term and would have to establish that he remained a

8

sexual predator at about 80 years old. Ontiveros fails to carry his burden to demonstrate an abuse of discretion by the district court for denying his motion to withdraw his plea on the basis of failure to receive advice concerning possible civil commitment.

Ontiveros also claims his counsel was incompetent for not reviewing discovery with him until November 22, 2019, less than two weeks before his trial date. But Duma testified that he went over the evidence with Ontiveros in detail at the November meeting. It lasted for several hours including watching a video. And it cannot be overlooked that Ontiveros elected to exercise his right to a preliminary hearing two months prior to the scheduled trial date. At the hearing, he was able to observe the victim testify in detail about her encounters with Ontiveros. In addition, the victim was cross-examined at length by Duma. Ontiveros also listened to the testimony of the investigating officer from Homeland Security. Ontiveros does not allege that there was any new or surprising information he obtained two weeks prior to trial that he was not aware of after sitting through the preliminary hearing.

Next, Ontiveros alleged that he never discussed possible defenses against the charges against him with his counsel, nor did his counsel discuss the plea with him until the day of his plea. Duma indicated that they talked strategy at their November meeting.

Finally, we agree with the State that any claim of incompetence on the part of Duma for not taking into account Ontiveros' Georgia convictions in properly advising him "on the maximum potential punishments" was invited error to the extent he did not advise his attorney about those convictions.

In sum, in the district court's pronouncement of its decision to deny Ontiveros' motion, the court considered the testimony of Ontiveros and Duma, together with information contained in the plea petition and plea transcript, to find Ontiveros was

9

represented by competent counsel. The district court stated on the record the factual findings made to arrive at its decision to deny the motion.

The burden for establishing good cause to withdraw a plea is on the defendant, and the district court's decision will not be disturbed on appeal absent an abuse of discretion. See *Hutto*, 313 Kan. at 745; *Frazier*, 311 Kan. at 381.

Here, there is substantial competent evidence supporting the district court's finding that Duma was competent. Ontiveros fails to establish the district court's decision was arbitrary, fanciful, or unreasonable; was based on an error of law; or was based on an error of fact.

*Factor 2: Whether Ontiveros was misled, coerced, mistreated, or unfairly taken advantage of.*

Ontiveros did not allege that he was misled, coerced, mistreated, or unfairly taken advantage of. An issue not briefed is deemed waived or abandoned. *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021).

*Factor 3: Whether Ontiveros fairly and understandingly entered his plea.*

Ontiveros alleges that his plea was not fairly and understandingly made because he lacked information or was confused about the details and consequences of his plea. Ontiveros argues the possible civil commitment under the KSVPA, last-minute discussion with counsel the day of his plea, confusion regarding the maximum sentence he could face, and the discovery review taking place in the district attorney's office with a sheriff's deputy present amounted to an unfair and misunderstood plea.

The State argues that even if Ontiveros' counsel gave faulty advice, the advice was countered and clarified by other sources to inform Ontiveros of the consequences of his plea. Ontiveros received information, the State argues, from the district court during the court's colloquy with Ontiveros and through the written plea agreement. In response to Ontiveros' argument that he was not informed of the possible civil commitment under KSVPA, the State argues that commitment is not automatic, and Ontiveros presented only a speculative consequence of his plea. We agree.

The district court's findings on the record are supported by substantial competent evidence. The district court found Ontiveros received information from the district court during the plea hearing through the State's oral reading of the written plea agreement and the court's colloquy with Ontiveros before entering his plea. The district court also cited the plea petition as evidence of notice regarding the potential consequences of his plea. Finally, the district court found that the potential civil proceedings under KSVPA were not a certain consequence of his plea and therefore did not deprive Ontiveros of fully understanding his plea.

In sum, Ontiveros failed to show the district court abused its discretion in denying the motion to withdraw his plea. The findings by the district court are supported by substantial competent evidence, and the decision reached by the court was not arbitrary, fanciful, or unreasonable. Therefore, we have no hesitation in affirming the district court's denial of Ontiveros' motion to withdraw his plea.

Affirmed.

11