NOT DESIGNATED FOR PUBLICATION

No. 113,601

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JOSE M. HERNANDEZ,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WILLIAM SIOUX WOOLLEY, judge. Opinion filed June 24, 2016. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., HILL, J., and WALKER, S.J.

*Per Curiam*: Jose M. Hernandez pled guilty to aggravated robbery. Subsequently, Hernandez filed a K.S.A. 60-1507 motion claiming ineffective assistance of counsel. The district court dismissed several of Hernandez' claims at a preliminary hearing, and following an evidentiary hearing, dismissed the remainder of the claims. In this appeal, Hernandez raises two issues. First, he contends that his attorney induced him to plead guilty by mistakenly promising Hernandez that he would receive probation. Second, Hernandez alleges that his attorney was ineffective in presenting mitigating circumstances to support his motion for a dispositional departure sentence. Having read

1

the parties' briefs and considered the arguments, we find no error and affirm the district court's denial of the K.S.A. 60-1507 motion.

FACTUAL AND PROCEDURAL BACKGROUND

On October 24, 2012, Hernandez was charged with aggravated robbery for stealing a television while armed with a knife. Hernandez retained David Leon as his counsel. Prior to trial, the parties entered into a plea agreement. Under the agreement's terms, Hernandez agreed to plead guilty as charged, pay restitution, and register under the Kansas Offender Registration Act (KORA). For its part, the State agreed to recommend the lowest presumptive prison term under the sentencing guidelines. Hernandez was also permitted to seek a departure sentence, including probation.

At the plea hearing, Shawn Lautz represented Hernandez because Leon had a scheduling conflict. An interpreter was also present. The district court advised Hernandez of the rights he was waiving and noted that his plea would likely lead to Hernandez' deportation. The district court also advised Hernandez of the possible sentences for his offense, that the plea agreement was not binding on the court, and verified that his attorney had not made any promises or threats to induce him to plead guilty. After obtaining a factual basis, the district court found that Hernandez' guilty plea was knowing and voluntary.

Before sentencing, Leon filed a motion for a downward dispositional departure on Hernandez' behalf. In support of the motion, Leon argued that Hernandez had been respectful and cooperative throughout the plea process. Additionally, Hernandez had only one prior misdemeanor offense and was a candidate for community corrections. At sentencing, Leon also argued that the incident occurred as a result of a misunderstanding. He explained that Hernandez believed he was retrieving items that someone had stolen from him. The court denied the motion for departure and sentenced Hernandez to 55

2

months' imprisonment with 36 months' postrelease supervision, the lowest possible term under the sentencing guidelines.

Several months later, Hernandez filed the K.S.A. 60-1507 motion that is the subject of this appeal. In the motion, he raised numerous claims of ineffective assistance of counsel. At a preliminary hearing, the district court summarily denied several of the claims. However, the district court determined that other claims of ineffective assistance of counsel necessitated an evidentiary hearing.

Hernandez and Leon testified at the evidentiary hearing and provided markedly conflicting testimony. Hernandez stated that Leon had promised that he would receive probation upon his plea, and the attorney had never discussed the possibility of imprisonment. Hernandez claimed that he only knew his potential sentence upon conviction was presumptive prison because of information provided by his initial court-appointed attorney. Hernandez alleged that he never met with Leon outside of the courthouse and that although his primary language was Spanish, Leon never spoke in Spanish or provided him with an interpreter. Hernandez also testified that he was never given a copy of the plea agreement in Spanish, although an interpreter explained the plea to him on the day he signed it. Finally, Hernandez believed that Leon had not done anything for him, and he wanted to reopen his case to argue for probation.

Leon controverted much of Hernandez' testimony. According to Leon, he met with Hernandez several times outside of the courthouse and also stayed in contact by phone. Leon testified that he spoke to Hernandez in English and Spanish and always had his bilingual legal assistant present to assist with translation. Leon asserted that he did not promise Hernandez probation, but he believed there was a definite possibility his client would be granted probation. He recalled that he advised Hernandez of his right to go to trial, the possible and presumptive sentences for the offense, and the possibility of working out a plea agreement. Ultimately, Hernandez made the decision to enter the plea.

3

After listening to the evidence and arguments, the district court ruled from the bench. In its ruling, the district court made detailed factual findings and concluded, as a matter of law, that Hernandez failed to show that his attorney was ineffective and that any ineffectiveness prejudiced him. The district court also found no manifest injustice required that Hernandez be allowed to withdraw his plea. As a result, the district court denied the K.S.A. 60-1507 motion. Hernandez appeals.

On appeal, Hernandez does not raise several issues which he presented to the district court. Because Hernandez does not brief these issues on appeal, we deem them waived and abandoned. See *Superior Boiler Works, Inc. v. Kimball*, 292 Kan. 885, 889, 259 P.3d 676 (2011).

STANDARDS OF REVIEW AND RELEVANT LAW

An ineffective assistance of counsel claim presents mixed questions of law and fact. *State v. Bowen*, 299 Kan. 339, 343, 323 P.3d 853 (2014). When such a claim is brought under K.S.A. 60-1507 and the district court holds an evidentiary hearing on the claim, this court reviews whether substantial competent evidence supports the district court's findings of fact and whether those findings of fact are sufficient to support its conclusions of law. An appellate court reviews the district court's conclusions of law de novo. *State v. Adams*, 297 Kan. 665, 669, 304 P.3d 311 (2013).

A defendant may challenge a guilty plea by filing a motion pursuant to K.S.A. 60-1507 claiming the plea was not knowing or voluntary due to ineffective assistance of counsel. *Hogan v. State*, 30 Kan. App. 2d 151, 157, 38 P.3d 746, *rev. denied* 273 Kan. 1035 (2002); *Garrett v. State*, 20 Kan. App. 2d 513, 516, 889 P.2d 795, *rev. denied* 257 Kan. 1091 (1995). To prevail on an ineffective assistance of counsel claim, the defendant must meet two separate tests. First, the defendant must establish the performance of defense counsel was deficient under a totality of circumstances. *Sola-Morales v. State*,

4

300 Kan. 875, 882, 335 P.3d 1162 (2014) (relying on *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 [1984]). This requires demonstrating that counsel's representation fell below an objective standard of reasonableness. *Adams*, 297 Kan. at 669 (quoting *Strickland*, 466 U.S. at 687-88).

Second, the defendant must demonstrate prejudice, *i.e.*, that there is a reasonable probability the proceedings would have resulted in a different outcome. *Sola-Morales*, 300 Kan. at 882. When the conduct at issue preceded a guilty plea—as in this case on appeal—prejudice means a reasonable probability that, but for counsel's deficient performance, the defendant would have insisted on going to trial instead of entering the plea. *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 (2014).

## THE PROMISE OF PROBATION

For his first issue on appeal, Hernandez complains that he "was promised probation, which induced him to plead guilty as charged." Hernandez candidly concedes, however, that "[t]he district court found Leon more credible and as a result, it found Hernandez was not promised probation." Still, Hernandez argues "the facts of the plea undercut that finding." In particular, Hernandez argues that without the promise of probation Hernandez "did not receive any tangible benefit from the plea agreement."

In response, the State observes that an appellate court generally may not weigh conflicting evidence or evaluate the credibility of witnesses. The State also characterizes Hernandez' claim as "self-serving" and emphasizes that the district court discounted the purported promise of probation. The State argues that, from Hernandez' point of view, the plea agreement favorably provided for him to be sentenced to the lowest number in the gridbox. Finally, the State observes: "It is by no means unreasonable or uncommon for a criminal defendant to conclude that accepting responsibility and pleading guilty offers the best chance at a favorable sentencing disposition."

In rejecting Hernandez' claim, the district judge said, "The Court finds that Mr. Leon's testimony [is] more credible, that he was not promised probation, that he would not promise a defendant probation, but that he told [Hernandez] that he had the possibility of probation." The district court also found that, without the promise of probation, the plea agreement contained sufficient favorable aspects to warrant Hernandez' agreement to its terms.

Substantial competent evidence supports the district court's factual findings that Leon did not promise Hernandez probation. Leon testified he did not promise Hernandez probation, he just knew based on the facts of the case that probation was a possibility. The district court ultimately found Leon to be more credible and consequently found Leon did not promise Hernandez probation.

Appellate courts do not reweigh evidence, pass on the credibility of witnesses, or resolve conflicts in the evidence; therefore, our court may not second guess the district court's credibility determination. See *Bellamy v. State*, 285 Kan. 346, 353, 172 P.3d 10 (2007). The district court was in the best position to determine the credibility of both witnesses, and it found Leon the more credible witness. As a result, Leon's testimony supports the district court's factual finding. We also agree with the district court's observation that a promise of probation was not necessarily required in order to justify Hernandez' favorable acceptance of the plea agreement.

Based upon our review of the record, we conclude that substantial competent evidence supports the district court's findings of fact and those findings are sufficient to support its legal conclusion that Leon did not provide ineffective assistance with regard to Hernandez' claim about a promise of probation.

6

For his next issue, Hernandez complains that "Leon's efforts at a dispositional departure were lacking. The facts are undisputed. Leon never raised the fact that Hernandez suffered from alcohol and substance abuse." Hernandez also asserts that the "mitigating information pertaining to the underlying offense" was not presented.

The State counters that there was no evidence produced at the motion hearing that Leon knew that Hernandez suffered from alcoholism or substance abuse. Additionally, the State contends that Leon did present mitigating facts regarding the crime at sentencing.

In ruling on this issue, the district court found:

"[T]he Court agrees that there's no evidence in the record that Mr. Leon asked for an alternative sentence based upon the substance abuse and candidacy for treatment; however, the record reflects that the defendant never advised Mr. Leon of a potential for substance abuse and there's no independent evidence that would have placed Mr. Leon on notice about that possibility."

With regard to Leon's presentation of the departure motion, the district court found:

"Mr. Leon did file a motion for departure. And the major argument that he made was that the defendant was lacking criminal history and that was the first and primary argument that the defendant's lack of criminal history was important for the Court to consider on the departure motion and the Court did consider that.
    . . . .
        "In addition, [Leon] argued that . . . it was an unfortunate misunderstanding . . . of self-help to get property back . . . . Mr. Leon was arguing . . . this was not an attempt to take someone else's property, that the mental state could have been construed that he

went to the location because he thought he was going to get his property back, that the difficulty is that when he got there it turned out it wasn't his property."

Substantial competent evidence supports the district court's factual findings and those findings support the legal conclusion that Leon's performance was not deficient. Leon did not know Hernandez had any kind of substance abuse problem—nor is there any indication he should have known. Hernandez testified he never told Leon about his possible alcohol problem, and Leon testified he never suspected Hernandez had a problem. Even at the evidentiary hearing, Hernandez did not have any information that would demonstrate he had been a candidate for substance abuse treatment at the time of sentencing.

Moreover, Leon did raise other mitigating information about the unique nature of the offense itself at the sentencing hearing. Leon argued the incident arose out of a misunderstanding, and Hernandez was only attempting to reclaim property he believed rightfully belonged to him. On this record, Hernandez has failed to show that Leon's performance in presenting the motion for a dispositional departure sentence was inadequate or ineffective.

PREJUDICE

In addition to upholding the district court's conclusion that Leon was not ineffective in his performance as Hernandez' attorney, we also have considered the second prong of the *Strickland* test—prejudice. To prevail on his ineffective assistance of counsel claim, Hernandez had to demonstrate that but for Leon's deficient performance he would have gone to trial rather than enter his guilty plea. See *Kelly*, 298 Kan. at 970.

Hernandez' testimony and brief do not sufficiently establish prejudice. Hernandez testified at the evidentiary hearing that he hoped to "[r]eopen [his] case to see if [he is]

8

able to obtain probation." He stated if Leon had been a better attorney, he would have tried to negotiate a better plea agreement. Hernandez' argument is not that but for Leon's ineffectiveness Hernandez would have gone to trial but that if Leon had done a better job, the district court would have sentenced Hernandez to probation as part of the plea agreement. The district court specifically found that Hernandez failed to show prejudice. We are persuaded that the district court did not err in this finding.

In closing, we have also considered the three factors courts generally consider in determining whether a defendant has shown the manifest injustice necessary to withdraw a plea after sentencing. See *State v. Morris*, 298 Kan. 1091, 1100, 319 P.3d 539 (2014). Based upon our review, we find Hernandez' plea was knowing and voluntary and that no manifest injustice has been shown to necessitate allowing Hernandez to withdraw his plea.

Affirmed.